LULA G. ALLEN v. JOHN H. ROYSTER, Administrator, and
W. A. BOBBITT et al.

*Administration—Final Account—Vouchers Approved by Deputy Clerk—Return—Prima facie Evidence—Counsel Fees—Next of Kin—Commissioners.*

1. Where a final account of an administrator was examined and the vouchers passed upon by the deputy in the presence of the Clerk of the Superior Court, who, immediately afterwards, and without special examination, signed a general approval: *Held*, that such return was competent as *prima facie* evidence against the plaintiff.

2. A defendant can take no benefit from the refusal of the Court to dismiss plaintiff's action, upon motion, when he did not appeal from such refusal.

3. Where an action is brought within two years after qualification of administrator by the next of kin, to enforce account and distribution of the estate, and the defendant plead that he had fully administered and settled the estate: *Held*, it was not necessary to allege, to maintain such action, that two years had elapsed next after the qualification of administrator.

4. The administrator might consent to account sooner, and if there was no such consent, or any reasons why there should be delay, he could set them up as defence to the action.

5. It was not essential for the complaint to allege that there is "no necessity for retaining the funds," under section 1512 of *The Code.*

6. An administrator is not entitled to be allowed counsel fees for defending an action by next of kin to compel him to final settlement, when he unreasonably, wilfully and dishonestly delays to account with them.

7. An administrator is not entitled to commissions on such sums as he ought to have accounted for and failed so to do.

This was a CIVIL ACTION, tried at Spring Term, 1890, of GRANVILLE Superior Court, before *Womack, J.*

This action is brought by the plaintiff sole next of kin of the intestate of the defendant administrator, upon the bond of the latter and his sureties thereto. The plaintiff alleges that the defendant, as administrator, took into his possession considerable personal property of his intestate; that he failed and neglected to duly administer the same, &c., and especially failed and refused to account with and pay to her such sums of money, &c., as were due to her, &c., as such next of kin, whereby he committed breaches of the condition of his said bond, &c. The defendant denies that he has committed such alleged breaches of his said bond, and alleges that he has duly administered and closed the estate in his hands, &c.

The plaintiff, on the trial, put in evidence the inventory of the defendant administrator of the property that went into his hands, and which he filed in the proper office, and she also introduced evidence tending to show that he had not, in several respects, duly administered the estate. The defendant administrator then offered in evidence a paper-writing purporting to be his "final return" and settlement of the estate in his hands made before the Clerk of the Superior Court. The defendant objected to the admission of this paper-writing as evidence, and introduced the deputy Clerk, who testified as follows: "I am a sworn deputy of my father, who is Clerk of the Superior Court of this county.

We held these respective positions on the 26th day of January, 1889. On that day, the administrator, accompanied by his attorney, produced the accounts before the Clerk of the Superior Court in his office. My father and I were both present. The attorney asked something about the papers and account. My father said, 'Just turn them over to Robert,' meaning myself. The attorney asked father if it was upon his approval that I approved the vouchers. He answered 'Yes.' We all sat down to a table. The items in the account were called off. I took the vouchers and wrote on each, as it was reached, the word 'approved.' I examined the vouchers. The Clerk of the Superior Court was present, and all was done in his hearing. He did not pass upon the separate vouchers, but approved my work. The signature to the general approval, which appears on the account, is in his handwriting. He signed it when we had concluded our work. Upon the conclusion of our work, I filed the account in the office, and turned the vouchers over to the administrator, who carried them away with him."

The Court found the facts thus stated to be true, and admitted the paper-writing in evidence, and the plaintiff excepted.

The defendant introduced two gentlemen of the Bar to prove what would be reasonable compensation to his counsel for managing his defence in this action. The plaintiff objected. The Court admitted the evidence, and the plaintiff excepted.

The Court, among other things, instructed the jury, that if, under its instructions, "they should find that the administrator should be charged with a greater sum for rents than that returned in his account and inventories, or that the horse (mentioned) was purchased for himself, and was worth more than $31, they might give the administrator commissions on such additional sums, not to exceed five per cent." The plaintiff excepted.

The Court further instructed the jury, "that they might allow the administrator reasonable counsel fees in defending the action, and on this point they would consider the testimony" of the lawyers introduced as witnesses as to that subject. The plaintiff excepted.

In this Court, the counsel of the defendant moved to dismiss the action upon the grounds that the complaint did not state facts sufficient to constitute a cause of action, "in that it fails to allege that there is no necessity for retaining the funds" until two years next after the qualification of the administrator (*The Code*, § 1512), that the action was brought within two years next after such qualification, and that the motion was made in the Court below before the defendants answered, and was denied them, and the defendants excepted.

There was a verdict and judgment for the defendants, and the plaintiff appealed to this Court.

*Messrs. L. C. Edwards* and *J. B. Batchelor*, for plaintiff.
*Mr. R. W. Winston*, for defendants.

MERRIMON, C J.—after stating the facts: The defendants can have no benefit of their exception to the refusal of the Court below to grant their motion to dismiss the action, if the motion had merit, because they did not appeal.

The motion here to dismiss the action is without merit. The complaint alleges a cause of action. It need not necessarily allege that two years had elapsed next after the administrator qualified as such, and before the action began, because the administrator might consent to account fully or partially with the next of kin before such lapse of time, and if there existed valid reasons why he should not, he should set these up as matters of defence in a proper way. It might turn out that the Court would require the administrator to account with the distributee in some measure, and stay the

action as to the final account at the end of two years. *Clements* v. *Rogers*, 91 N. C., 68, and the cases there cited; *Godwin* v. *Watford*, decided at this term. Moreover, the defendant alleges that he has duly and fully administered the estate, and thus, in effect, admits that there is no substantial reason why he shall not be called to a final account with the next of kin by this action. The motion to dismiss the action must, therefore, be denied.

As to the first exception, we are of opinion that, if it be granted that the Clerk should have examined and approved the account filed by the defendant administrator, and which was read in evidence on the trial, the plaintiff objecting, he did so in effect. He was present, gave directions, saw what was done, heard what was said when and while the account was being examined in his presence, and he endorsed his approval thereon. The Deputy Clerk was simply acting as his servant, and aided him in the examination of the account. The Clerk clearly intended to, and did, exercise his authority, although he may not have been as circumspect as he should have been, and did not scrutinize the several matters and items embraced by the account and the vouchers as thoroughly as he should have done. The statute (*The Code*, § 1399) makes such sworn account, thus examined, endorsed and filed in the office of the Clerk of the Court, *prima facie* evidence of its correctness. But it was not conclusive against the plaintiff, nor would it be against creditors, or any person interested adversely. It simply shifted the burden of proof, as to the correctness of what it contained, to him who alleged the contrary. *Grant* v. *Hughes*, 94 N. C., 231; *Grant* v. *Reese*, *id.*, 720. The Court, therefore, properly admitted the account in evidence, not as at all conclusive, but subject to the plaintiff's right to contradict it by any proper evidence.

The other exceptions may be disposed of together. The defendant administrator was certainly entitled to be allowed a credit for reasonable compensation he may have paid to

counsel who advised him in the due administration of the estate, including the bringing and prosecution of necessary actions brought by him, and in defending such as were brought. against him, including that for a final settlement of the estate. But an administrator should not be allowed credit for fees paid to counsel in the defence of an action to compel him to a final account with the next of kin, when he unreasonably, wilfully and, through dishonest and fraudulent motives, refused to account to them. This is so, because, in such case, the purpose is not to promote and secure the just administration, final settlement and distribution of the estate, but to promote selfish and sinister purposes of the administrator, personally. His purpose is not to promote, but to defeat the right of those justly entitled to have the estate.

The case settled on appeal states that "there was evidence tending to show that the horse (sold by him) was purchased for the administrator, and he was worth, at the time of the sale, a larger sum than the sum returned by the administrator; and that the rents received, or that should have been received, by the administrator, were of greater value than $40 (the amount he accounted for). There was also evidence tending to controvert these facts." Such being the evidence, and it so conflicting, the Court should have further instructed the jury that the defendant could not be allowed fees paid by him to counsel for defending this action, if he sought to cheat and defraud the estate and the plaintiff by buying the horse himself for less than his reasonable value, and by dishonestly failing and refusing to account for the rents received by him; and further, that he would not, in such case, be entitled at all to commissions for such sums of money as he ought justly to have accounted for, but did not. An executor or administrator is not entitled to commissions if he fails to discharge his duties faithfully and honestly. *Grant* v. *Reese, supra,* and the cases there cited at pages 731 and 732. Of course, it would be otherwise in this case if the defendant administered the estate in his hands faithfully

and justly, and there was evidence tending to show that he did, as well as the contrary.

The evidence of the witnesses introduced to prove what was reasonable compensation to the counsel of defendant for his services in this action was competent to be submitted to the jury, in the view that the defendant made defence in good faith, with a view to a just final account and distribution of the estate. We may add that, in allowing credit to the defendant on such account, regard should be had to compensation paid to counsel in the course of the administration, because the defendant should be allowed credit for reasonable counsel fees paid about the whole administration. He cannot, ordinarily, be allowed to pay counsel fees for particular services, when he should have counsel generally as administrator. He must observe a just and reasonable economy.

There is, therefore, error. The plaintiff is entitled to a new trial, and we so adjudge. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Error.