This is an action to recover possession of a tract of land, which was commenced on 30 December, 1909.
The defendant denies the plaintiff's title, but admits that he is in possession of a part of the land described in the complaint.
Both parties claim under deeds from J. B. Freeman, the deed under which the defendant claims being senior in date and registration.
The deed to the plaintiff is dated 12 December, 1902, and it is admitted that it covers the land in controversy.
The plaintiff offered evidence that he had used the property (a part of the Chimney Rock property for scenic purposes since the date of his deed, and that he had kept men on it as watchmen (387) and toll-keepers all the year.
The principal contention between the parties is as to the location of the last call in the defendant's deed, "thence along the upper edge of the cliff, above Chimney Rock, in a westerly direction to the beginning," the defendant contending that there was a line of cliffs which the call in the deed would follow, and the plaintiff that there were no cliffs, and that the last line would go straight to the beginning.
If the line is run straight to the beginning, it does not cover the land in controversy, and the evidence was conflicting as to whether there was a line of cliffs.
There was no evidence when the defendant entered into possession. The jury answered the issues in favor of the plaintiff, and from a judgment entered thereon, defendant appealed.
The motion to nonsuit was properly overruled. As both parties claimed title under a common source, the decision of the controversy between the parties depended upon two facts:
1. Did the deed of the defendant cover the land?
2. If so, had the plaintiff held the land adversely for seven years under his deed?
If the deed of the defendant did not cover the land, the plaintiff was the owner, because both claimed under Freeman, and it was admitted that the land was included in the deed of the plaintiff. If the deed of the defendant did include the land in dispute, the plaintiff was the owner if he had held possession adversely for seven years under his deed.
Evidence was offered to sustain both contentions of the plaintiff, and, therefore, a judgment of nonsuit could not have been entered.
During the trial the surveyor was allowed to post up in sight of the *Page 306 
court and jury a map made on a large scale, purporting to be a copy of the court map, and the witness was allowed to refer to said (388) map as a matter of demonstration, after the surveyor had stated that it was a facsimile or reproduction on a large scale of the court map. The use of this map by the witness and by the attorneys in the examination of the witness was objected to by defendant's counsel.
It does not appear that any exception was entered by the defendant to the use of the map, but if it had been done, we think no error was committed. An unofficial map may be used by a witness to illustrate his testimony, and it can make no difference that it is posted on a wall, but in this instance the map was simply an enlargement of the one made under order of the court, and there is no suggestion that it was not correct.
The defendant also excepts to the following parts of the charge which in our opinion, are well supported by the authorities:
1. But if you find from the greater weight of the evidence that there are no natural boundaries, or, in other words, cliffs, or no such cliffs in no such place as are called for, and you, calling to your aid all the evidence in the case, are unable to locate the objects; and you find further that the last call in the deed is a straight line from the stake at figure 5 on the map to the beginning, you will answer the first issue "Yes." since where the natural objects or boundaries have not been fixed and ascertained, then course and distance must govern the jury in fixing the line; therefore, if you locate the line by course and distance, you will find for the plaintiff.
2. That if the jury should find for defendant on the location of his deed, still if the jury shall find from the evidence that the plaintiffs have, claiming under their deed, been in the possession of the lap, or interference, or any part thereof, continuously, adversely, notoriously, and conclusively, for seven years before the suit was brought, 30 December, 1909, no other person being seated on the lap, this would ripen the plaintiff's title, and he should recover.
There is one other assignment of error, but it is not based on any exception appearing in the record, and therefore cannot be considered.Thompson v. R. R., 147 N.C. 412.
The assignments of error are for the purpose of grouping (389) exceptions already taken, and not to introduce new exceptions.
Upon an examination of the whole record, we find
No error.
Cited: Allred v. Kirkman, 160 N.C. 393; Brantley v. Marshbourn,166 N.C. 532. *Page 307