CAUSEY ALLRED v. J. WESLEY KIRKMAN.

(Filed 7 November, 1912.)

1. Appeal and Error—Unanswered Questions—Objections and Exceptions—Assignments of Error—New Matter.

An unanswered question asked on the trial of a cause is not objectionable; and cannot be properly introduced for the first time in an assignment of error for the purpose of excepting to it.

2. Evidence Corroborative—Declarations of Parties.

A party to an action may prove his own declarations, which are consistent with his own evidence, and made before the trial, as corroborative evidence.

3. Issues—Answer Conclusive—Second Issue—Evidence—Harmless Error.

When the jury by their answer to the first issue have determined the action, evidence on the second issue, erroneously excluded, is harmless error.

APPEAL by plaintiff from *O. H. Allen, J.,* at March Term, 1912, of RANDOLPH.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Morehead & Morehead, Elijah Moffitt, and John T. Brittain for plaintiff.*

*Hammer & Kelly and J. A. Spence for defendant.*

WALKER, J. Action by the husband for criminal conversation and alienation of his wife's affections. The jury returned this verdict:

1. Did the defendant carnally know the wife of the plaintiff, as alleged in the complaint? Answer: No.

2. What damages is plaintiff entitled to recover? No answer.

Judgment for defendant, and plaintiff appealed.

1. Defendant proposed to prove by one Mary Nixon "that the plaintiff and his wife did not get along well together," but the question was not answered, as the record discloses. An assignment of error must be based upon matter appearing in the case or record to which exception was previously taken. It has been said that, in an action by the husband for this wrong, his neglect of his wife, lack of affection for her, his indifference or cruelty toward her, and the unhappiness of their domestic relations before the alleged enticement or seduction may be shown in mitigation of damages. 21 Cyc., 1625 and 1632, citing numerous cases in support of the proposition. But we need not decide the question, as we do not think it was properly raised. New matter cannot be properly introduced for the first time in an assignment of error for the purpose of excepting to it, especially when, as in this case, the assignment does not appear to have received the sanction of the judge, but is inserted after his signature to the case on appeal. We must be governed by the record in such a case, and as it appears from it that the question was not answered, there is no ground for the exception, an unanswered question not being objectionable. *Morse v. Freeman,* 157 N. C., 385. In *Worley v. Logging Co.,* 157 N. C., 490, *Justice Allen,* after stating that an assignment of error must be based upon an exception properly taken, says, at page 499: "The preparation of the assignment of error is the work of the attorney for the appellant, and is not a part of the case

on appeal, and its office is to group the exceptions noted in the case on appeal, and if there is an assignment of error not supported by an exception, it will be disregarded."

2. The defendant having been examined as a witness, in his own behalf, was impeached by the plaintiff's testimony. It was competent for him to prove his own declarations, which were consistent with his own evidence, and made before the trial, in corroboration of himself. *S. v. Whitfield,* 92 N. C., 831; *Hooks v. Houston,* 109 N. C., 623. The rule is thus stated by the present *Chief Justice* in *Burnett v. R. R.,* 120 N. C., 517: "It is competent to corroborate a witness by showing that previously he had made the same statement as to the transaction as that given by him on the trial," citing many cases in its support.

3. Defendant offered certain evidence in mitigation of damages, but as the second issue was not reached in the investigation by the jury, the first having been answered in the negative, no harm was done, even if the admission of this testimony was erroneous.

We find no error in the case.

No error.