This was a special proceeding for the division of property belonging to a partnership, returnable before the clerk. Issues of fact being (528) raised by the answer, the cause was transferred to the civil-issue docket for trial at a regular term.
The question at issue in the case was whether or not the plaintiff, C. B. Brantley, owned a two-thirds interest in the partnership property and all its original capital, or whether he owned only a one-half interest.
It was admitted by all parties that when the partnership was first formed, C. B. Brantley owned an undivided one-third and $3,000 capital stock, and that S. H. Brantley owned an undivided one-third and $2,000 capital stock, and that Samuel Marshbourn owned an undivided one-third, but no interest in the capital stock.
It was admitted by the plaintiff that Samuel Marshbourn at the time of his death (the defendants being his representatives) owned the interest which he had when the partnership was first formed.
It was admitted by the defendants that plaintiff, C. B. Brantley, owns the one-third undivided interest which he owned when said partnership was first formed and the $3,000 capital stock he put in the business.
It was contended by C. B. Brantley that some time after the formation of the copartnership he bought, for his own use and benefit, from S. H. Brantley the one-third interest that said S. H. Brantley owned at the outset of the business and his $2,000 capital stock.
It was contended by the defendants that at the time of or after the purchase from S. H. Brantley of his interest by C. B. Brantley said purchase inured to the advantage of both Samuel Marshbourn and the plaintiff, C. B. Brantley, so as to leave each owning a one-half interest. The plaintiff was contending that the entire one-third originally owned by S. H. Brantley, and his share of capital, was bought by the plaintiff, and that since then the plaintiff has owned an undivided two-thirds interest and all the capital stock, and the said Samuel Marshbourn at the time of his death owned only the other one-third and none of the capital stock.
(529) There was evidence introduced tending to sustain the contentions of both sides. No objection was made to form of issues submitted.
Among other pieces of evidence in favor of the plaintiff was the following:
S. H. Brantley was sworn, and testified to his signature to paper-writing, by the terms of which, some years ago, during lifetime of said Marshbourn, he had sold his entire one-third interest in said business, and his interest in capital stock, to the plaintiff, C. B. Brantley. *Page 463 
C. B. Brantley was sworn, and testified that some years ago he bought from S. H. Brantley the entire one-third interest owned at that time by S. H. Brantley and his entire interest in capital stock, and that he paid him for same by assigning to him certain shares of bank stock which belonged at that time to him, the said C. B. Brantley.
To the foregoing evidence of S. H. Brantley and of C. B. Brantley, tending to show that C. B. Brantley had bought the one-third interest of S. H. Brantley and his capital stock, the defendants objected upon the ground that said testimony was prohibited by section 1631 of the Revisal. Objection overruled. Defendants excepted.
The plaintiff introduced, in his behalf, one or more witnesses who had never had any interest in the controversy or in the event of the action, and proved by each of them that at different times they had heard Samuel Marshbourn say that he owned only a one-third interest in said partnership business, and that the plaintiff, C. B. Brantley, had bought the interest formerly owned by S. H. Brantley. As each of said witnesses proposed to so testify, the defendants objected; overruled, and the evidence admitted, and defendants excepted.
During the trial the defendants offered one or more witnesses by whom they proposed to prove that they had heard the defendant, Samuel Marshbourn, state in substance, in the absence of C. B. Brantley and not as a part of any conversation proven by the plaintiff or any other witnesses, that he, the said Samuel Marshbourn, owned a one-half interest in said business.
The plaintiff objected to each of said statements proposed to be (530) proven by said witnesses; the court sustained the objection, excluded the evidence, and to each of said rulings the defendant excepted.
During the trial plaintiff introduced J. J. Pitts, who had in the courtroom with him the books admitted by defendants to be the mercantile books of said firm during the life of said Samuel Marshbourn, and had him turn to various pages of said books showing entries pertaining to the capital stock of said firm. "No entry showed that said Marshbourn had any interest in said capital stock." Defendants objected; overruled, and defendants excepted.
During the argument one of counsel for the defendants was calling attention to what he claimed would be a presumption when nothing else appeared, to the effect that in an admitted partnership each partner would be presumed to own an equal interest with each other partner.
The court fully stated the contentions of both sides to the jury and among other things charged the jury. "That the burden of proof was on the plaintiff to show by the preponderance of the evidence, by the greater weight, that he owned two-thirds interest in surplus and profits of said *Page 464 
business, and all the capital stock, instead of one-half, as admitted by the defendants.
"That if plaintiff had so shown by greater weight of the evidence, by the preponderance of the evidence, then the jury would answer the first and second issues `All of it' and the fifth issue `Two-thirds'; and if the plaintiff had not so shown, jury should answer said issues `One-half.'" The court saying that no question of presumption of equal interest would arise if the facts appeared differently.
"That if the plaintiff had shown by the greater weight of evidence, that is, by the preponderance thereof, that he owned two-thirds of surplus and profits of business, the jury should say in answer to the fifth issue `Two-thirds.' If the plaintiff had failed so to show, or the evidence had left the matter so the jury could not say how it was, they should answer the said issue `One-half.'"
(531) To the foregoing extract of the judge's charge (that being the only portion objected to) the defendants excepted.
The jury answered the issues in favor of the plaintiff.
Judgment for plaintiff, and defendants excepted and appealed to the Supreme Court.
The evidence of C. B. Brantley and of S. H. Brantley, relating solely to a transaction taking place between themselves, and at which the deceased Marshbourn was not present, both S. H. and C. B. Brantley being alive, does not come within the letter or the spirit of section 1631 of the Revisal.Bunn v. Todd, 107 N.C. 266.
It does not refer to a conversation or transaction with a deceased person.
It is equally clear that the declarations of Marshbourn against his interest were competent, and those in his own favor were properly excluded.
The record is not entirely clear as to the evidence of J. J. Pitts, but we infer that he produced the books of the partnership in existence at the time Marshbourn was alive, showing the entries of the capital stock, and that it did not appear from these entries that Marshbourn had any interest therein. If so, the evidence was competent, as the claim of the defendants is that at that time Marshbourn had bought an interest in the capital stock of S. H. Brantley, and as he had charge of the business and was in possession of the books, it was a reasonable inference that if he owned an interest in the capital stock it would have been entered, and *Page 465 
the failure to find such entry was a circumstance which the jury had the right to consider.
The exceptions to the charge as they are stated in the record are not insisted upon by counsel for the defendant, and the charge seems to be free from objection.
One of the assignments of error refers to an incident occurring during the argument of one of the counsel for the defendant, but as there is no exception in the case on appeal relating to the matter, it (532) cannot be considered. Morse v. Freeman, 157 N.C. 385.
No error.