MRS. DOLA STRICKLAND v. S. H. KRESS & COMPANY AND
CHARLES H. HAYNIE.

(Filed 17 May, 1922.)

1. Contracts — Breach — Principal and Agent—General Agent—Implied Authority—Secret Limitations of Authority—Employer and Employee —Master and Servant.

The local manager of one of the defendant's chain of stores has implied authority to employ clerks on behalf of his principal by the year, there being nothing unusual in contracts of this character, and where his authority is secretly limited to an employment by the month, and without knowledge or notice thereof, an employee contracts for an advanced

position and increase of pay for the following year, and relies thereon, the owners of these stores are liable in damages for the breach of this contract.

**2. Same—Slander—Cessation of Authority.**

The rule of liability upon the principal for the slanderous words of his agent uttered with his authority implied from transactions within the course of his employment, does not extend to instances where the defamatory words were spoken after the transaction had passed in which the agent was so acting, and after such authority had necessarily determined; as where the husband of a discharged employee thereafter asked the manager of the principal for his reason therefor, which he then gave in defamation of the character of the wife, the plaintiff in the action.

APPEAL by both parties from *Kerr, J.,* at January Term, 1922, of DURHAM.

Civil action to recover damages of defendant company for breach of contract to employ plaintiff for year 1921, and for slander in wrongfully and maliciously charging plaintiff with larceny in January of said year. There was evidence on part of plaintiff tending to show that defendant S. H. Kress & Company is a corporation or partnership, having a number of connected retail stores in different sections of the country, and doing an immense volume of business. That one of these stores is located in Durham, N. C., and defendant Charles H. Haynie is general manager of same. That in 1920 plaintiff was an employee of defendant company, engaged as clerk at the candy counter at $12 per week, and in November of said year defendant Haynie, as manager, expressed himself as greatly pleased with plaintiff's work, and offered to take her into the office for the year 1921. She would receive $24 per week, and if she proved efficient she would be transferred to one of the larger stores at another raise of wages. That plaintiff agreed to this proposition, and entered on her work under the same, when in the latter part of January she was wrongfully dismissed from her employment, and in breach of her contract as above stated.

That soon after plaintiff's dismissal, her husband called at said office to inquire the cause of same, when defendant Charles H. Haynie falsely, wrongfully, and maliciously stated, in effect, to her said husband, in the hearing of other employees, that defendant had taken $10 of the company's money, and lied about it, and went home and pretended to be sick and was afraid to come back to the office because she was afraid that he would catch up with her.

Defendant Charles H. Haynie filed no answer to the complaint. Defendant Kress & Company answered denying any and all liability either for breach of contract or for the alleged slander, and there was evidence on the part of said defendant in support of its said denial, and further to the effect that said Charles H. Haynie, while general manager,

was not authorized to hire employees except by the month, and that the alleged contract by the year was entirely beyond his authority. On issues submitted, the jury rendered the following verdict:

"1. Did the defendant Charles H. Haynie, manager for S. H. Kress & Company, contract and agree with the plaintiff for and in behalf of said Kress & Company to pay her $24 per week for her services for the year 1921? Answer: 'Yes.'

"2. Did the defendants breach the said contract? Answer: 'Yes.'

"3. What, if any, damages is the plaintiff entitled to recover by reason of the said breach of contract? Answer: '$725.40.'

"4. Did the defendants wrongfully and willfully speak of and concerning the plaintiff the slanderous words alleged in the complaint? Answer: 'Yes.'

"5. What, if any, damages is the plaintiff entitled to recover for and on account of said slanderous words spoken of and concerning her? Answer: '$2,500.' "

Thereafter, on motion, the court, as a matter of law, set aside the verdict on the fourth and fifth issues as to defendant S. H. Kress & Company, and entered judgment against defendants for the $725.40 damages awarded in breach of the contract. And against defendant Charles H. Haynie for $2,500 damages for wrongful defamation.

Defendants excepted and appealed, assigning errors, and plaintiff also excepted and appealed, assigning error in setting aside the verdict on the fourth and fifth issues as to defendant Kress & Company.

*Lee & Harris and S. C. Brawley for plaintiff.*
*Fuller, Reade & Fuller for defendants.*

### DEFENDANT'S APPEAL.

HOKE, J. The defendant Haynie has neither answered nor appealed, and the questions presented are in adjustment of the rights of plaintiff as against defendant Kress & Company. In this view, the jury, accepting plaintiff's version of the matter, have found that defendant, through its general manager, had agreed to employ plaintiff for the year 1921 at $24 per week. That such contract had been wrongfully broken, and plaintiff had suffered damages in the sum of $725.40. Judgment has been entered for the amount, and we find no reason for disturbing the results of the trial.

It was chiefly urged for defendant that the facts in evidence showed the defendant had given Haynie no express authority to employ help except for a month at a time, but the contract, in our opinion, was well within the apparent powers of the general manager of such a store. There was nothing unusual in its terms to excite attention or arouse

inquiry, and in such case it is held that as to third persons uninformed as to the conditions, the real and apparent authority is the same, and a principal is not allowed to protect himself by private instructions or limitations on the agent's authority, known only to them. The correct doctrine on the subject is very well stated in the first headnote to *Powell v. Lumber Co.,* 168 N. C., 632, as follows:

"A general agent is one who is authorized to act for his principal in all matters concerning a particular business or employment of a particular nature, and he may usually bind his principal as to all acts within the scope of such agency; and as to third persons dealing with the agent, this real and apparent authority are the same, and not subject to restrictions of a private nature placed thereon by the principal, unless they are known to such person, or the act or power in question is of such unusual character as to put a man of reasonable business prudence upon inquiry as to the existence of the particular authority claimed."

A position all the more insistent in this case from the additional facts appearing in evidence that the plaintiff and her husband had made an entire and substantial change of their plans for the year 1921, owing to the agreement to employ the wife for the entire year at the wages specified.

There is no error in defendant's appeal, and the judgment is affirmed.

No error.

## PLAINTIFF'S APPEAL.

HOKE, J. It is fully recognized in this jurisdiction that a corporation may be held liable "for the willful as well as negligent torts of their agents, and that the principle, in proper instances, may be extended to actions for slander where the defamatory words are uttered by the express authority of the company, or within the course and scope of the agent's employment." *Cotton v. Fisheries Products Co.,* 177 N. C., 56-59, citing *Cooper v. R. R.,* 170 N. C., 490; *Jackson v. Tel. Co.,* 139 N. C., 347, and other cases.

As said in that opinion, however, owing to the facility and thoughtless way that such words are not infrequently used by employees, they should not, perhaps, be imported to the company as readily as in more deliberate circumstances; that is, they should not be so readily considered as being within the scope of the agent's employment. This suggested limitation on the more general principle is approved with us in the case of *Sawyer v. R. R.,* 142 N. C., 1, where a superintendent, after refusing to employ an applicant for work, proceeded, after such refusal, to abuse and defame the plaintiff, and in holding that the defamatory words could not be fairly considered as within the scope of the superintendent's official

duties, the Court quoted from Wood on Master and Servant, sec. 279, as follows:

"The question usually presented is whether, as a matter of fact or of law, the injury was received under such circumstances that, under the employment, the master can be said to have authorized the act; for if he did not, either in fact or in law, he cannot be made chargeable for its consequences, because, not having been done under authority from him, express or implied, it can in no sense be said to be his act, and the maxim previously referred to does not apply. The test of liability in all cases depends upon the question whether the injury was committed by the authority of the master expressly conferred or fairly implied from the nature of the employment and the duties incident to it."

In our opinion this case, and the principle it illustrates, are in full support of his Honor's decision in setting the verdict against defendant aside on the issues as to the slander, for here, more than in that case, the slanderous words could in no sense be considered as within the scope of the agent's employment. On the contrary, the facts in evidence show that the discharge of plaintiff was a closed incident so far as Haynie's official duties were concerned, and the husband had gone to him seeking an explanation, and Haynie, in answer to his inquiry, said, "You come to me like a man and ask me why I discharged her, and I am going to tell you." This was clearly a conversation between the two individuals as to an event that had passed, and, as stated, could in no sense be considered as within the course and scope of Haynie's employment, or as an utterance by authority of the company, either express or implied.

We find no error in either appeal, and the entire judgment, as entered by his Honor, is affirmed.

No error.