## MAYS MILLS v. LAWRENCE McRAE.

(Filed 14 May, 1924.)

**1. Vendor and Purchaser—Contracts—Performance—Bargain and Sale.**

Where the acceptance of an offer of purchase of cotton at the then market price is made conditional upon the prompt action of the proposed purchaser in examining samples sent him, with no time limit definitely fixed, and there is evidence of his delay on a rising market beyond a reasonable time in which such purchaser could have acted, the question as to whether there was a complete contract of bargain and sale is one for the jury, and defendant's motion as of nonsuit thereon should be denied.

**2. Same—Damages.**

Ordinarily, the measure of damages caused by the vendor's breach of contract in failing to deliver cotton to the vendee, on a rising market, is the difference between the contract price and the reasonable market price at the time when and at the place where the cotton should have been delivered, according to the time fixed therefor by the terms of the contract.

**3. Same—Minimizing Damages—Evidence—Burden of Proof.**

Where, upon a rising market, there is no definite time fixed for the acceptance by the purchaser of cotton at the price at the time of the offer, and the question of the reasonableness of the time of the acceptance arises in the case, upon notice at a later time by the seller that he regarded the proposal of sale at an end for failure of acceptance, and that he would not ship the cotton at the price named, it is required of the proposed purchaser, in the exercise of ordinary care and prudence, that he minimize the loss of the proposed seller by buying the cotton, of the same quantity and grade, at the price prevailing on the open market after the time of notice given, with the burden of proof in this respect upon the proposed seller that he could reasonably have done so.

APPEAL by defendant from *Harding, J.,* at December Term, 1923, of GASTON.

Civil action to recover damages for an alleged breach of contract in connection with the sale of 50 bales of long-staple cotton.

From a verdict and judgment in favor of plaintiff, the defendant appeals, assigning errors.

*Garland & Austin and Mason & Mason for plaintiff.*
*Woltz & Woltz and Geo. W. Wilson for defendant.*

STACY, J. There was evidence tending to show that on 28 April, 1922, in response to defendant's inquiry, the plaintiff offered by letter written from Gastonia, N. C., to buy from the defendant, who lived in Greensboro, N. C., 50 bales of long-staple cotton on the basis of "today's market of 25 cents," delivery to be made at Cramerton, N. C. Defendant accepted this proposition by wire on the following day and mailed samples in accordance with understanding. Correspondence ensued between the parties, and on 9 May defendant wrote the plaintiff as follows:

"I have your letter of the 8th, also your letter of the 5th. Your proposition of the 28th was to buy the 50 bales at 25 cents landed on the then existing market levels.

"I forwarded the samples and wrote you on the second to look them over and advise by wire.

"Not hearing from you, I concluded that you were not interested, and also, in the meantime, the market moved off the levels on which you made the offer, so automatically the proposition was killed.

"On the 5th I wrote and made a price based on July. I will be glad to confirm a sale to you at 725 on July for the 50 bales if unsold. This is splendid value, and it now looks like the staple cotton is going to be considerably dearer."

Without setting out the facts in full, some of which are in dispute, we are satisfied, from a careful perusal of the record, viewing the evidence in its most favorable light for the plaintiff, the accepted position on a motion to nonsuit, that his Honor was correct in submitting the case to the jury for them to say whether or not the parties had entered into a binding contract of bargain and sale. But as a new trial is to be awarded, we refrain from a discussion of this phase of the evidence.

There was a constant and steady rise in the market at this time, until cotton of the grade here in question reached its highest price of 33 cents on 18 May, and 33 or 34 cents on 23 May. It was something less than 26 cents on 9 May. Nothing was said as to when delivery should be made, and it was in evidence by plaintiff's witnesses that cotton shipped from Greensboro to Cramerton would ordinarily arrive within 7, 10 or 14 days, and one witness said from 3 to 4 weeks. His Honor instructed the jury that the measure of damages would be the difference

between the contract price and the reasonable market price at the time when, and at the place where, the cotton should have been delivered, and added further that, "although notice has been given by the seller of his intention not to deliver according to contract, the market price as of the date when the delivery should have been made will be taken, and not the market price on the date of such notice."

This is undoubtedly the general rule, especially where the goods are to be delivered at a specified time and place, and where no time is fixed by the contract, the delivery is to be made within a reasonable time. 35 Cyc., 637; *Kipp v. Wiles,* 3 Sandf. (N. Y.), 585; *Mfg. Co. v. Solomon,* 178 Mass., 582; 2 Benjamin on Sales, 1141.

But this general rule is subject to modification where the defendant, as in the instant case, offers evidence tending to show notice to the plaintiff that the goods will not be shipped according to the contract, and that thereafter the plaintiff had an opportunity to minimize its loss by going into the market and purchasing other similar goods. Benj. on Sales, sec. 1333. This appears to be a very just rule where no time for delivery of the goods is fixed by agreement of the parties. The "reasonable time" allowed by law in such cases is primarily for the benefit of the vendor, and there would seem to be no good reason why, upon notice from the seller to the buyer that the goods will not be shipped, the vendee should not be required to exercise ordinary care and prudence to avoid loss or to lessen the damages resulting therefrom.

When a party breaches his contract without any valid excuse, the courts are not inclined to permit him to prescribe the rights of the innocent party, but their chief concern is in making the plaintiff whole and securing to him his rights under the contract. *Register Co. v. Hill,* 136 N. C., 277; *Smith v. Lumber Co.,* 142 N. C., 26. Nevertheless, it is a sound principle of law, and certainly approved in morals, that one who is injured in his person or property by the wrongful or negligent act of another, whether arising *ex delicto* or *ex contractu,* is required to protect himself from loss, if he can do so with reasonable exertion or at trifling expense; and ordinarily he will be allowed to recover from the delinquent party only such damages as he could not, with reasonable effort, have avoided. *Adv. Co. v. Warehouse Co.,* 186 N. C., 197; 8 R. C. L., 442; 24 R. C. L., 85. "The general principle is fully recognized with us that, in case of contract broken or tort committed, the injured party should do what reasonable care and business prudence require to minimize the loss"—*Hoke, J.,* in *Yowmans v. Hendersonville,* 175 N. C., p. 579, citing a number of authorities in support of the position. The defendant was denied the benefit of this principle under his Honor's charge, and for this reason we are of opinion that a new trial must be awarded.

Of course, unless the defendant is able to show that the plaintiff could have easily procured cotton of similar quantity and quality in the open market, and thus saved itself from partial or total loss resulting from the defendant's default, damages should be awarded under the general rule, and not under the modification to the rule as just stated. It would seem to be more in accord with fairness to require the defaulting seller—the party charged with responsibility for breach of the contract—to prove that similar goods could have been readily procured in the market than to require the vendee to show that like goods could not be obtained in the market. *Mercantile Co. v. Lusk,* 45 Kan., 182; Benj. on Sales, sec. 1333; *Campfield v. Sauer,* 189 Fed., 576; 38 L. R. A. (N. S.), 837.

New trial.