FIRST NATIONAL PICTURES DISTRIBUTING CORPORATION v.
H. P. SEAWELL.

(Filed 1 November, 1933.)

**1. Appeal and Error J c—**

Where a jury trial is waived the findings of fact by the trial judge,
supported by evidence, are conclusive on appeal.

**2. Contracts F c—**

While the injured party is under duty to use ordinary care to minimize
the loss occasioned by the injuring party's breach of contract, the burden
is on the injuring party to prove failure of the injured party to exercise
such care.

CIVIL ACTION, before *Daniels, J.,* at May Term, 1933, of BERTIE.

The plaintiff instituted this action in the General County Court of
Bertie County, alleging the breach of a rental contract of certain films
or photoplays. The defendant denied the breach and alleged that the
contract had been breached by the plaintiff.

A jury trial was waived by the parties and the cause was heard by
Judge F. D. Winston, who found the facts and rendered judgment that
the plaintiff recover of the defendant the sum of $805.00. There was
evidence to support the findings and judgment. The defendant filed
certain exceptions to the judgment and the cause was heard in the
Superior Court by his Honor, F. A. Daniels. The record shows the fol-
lowing: "Upon hearing the appeal, the court overruled all exceptions
taken by the defendant upon the trial in the General County Court,
except the exception of defendant to the measure of damages, the court
stating that in its opinion there was error in awarding the amount of
damages recovered in that it was the duty of plaintiff to offer evidence
in mitigation of damages under the facts arising in this case." There-
upon the trial judge awarded a new trial and the plaintiff appealed.

*J. A. Pritchett for plaintiff.*
*J. H. Matthews for defendant.*

BROGDEN, J. In suits based upon breach of contract, upon which
party does the law impose the burden of offering evidence tending to
show mitigation of damages?

A jury trial having been waived in the county court, the judge thereof
found the facts and pronounced judgment thereon. There is evidence to
support such findings, and consequently they are conclusive upon appeal
to the Supreme Court. *Caldwell County v. George,* 176 N. C., 602,
97 S. E., 507; *Mfg. Co. v. Lumber Co.,* 178 N. C., 571, 101 S. E., 214.

The law commands that a person injured by the wrongful and negligent act of another is required to use ordinary care and prudence to protect himself from loss, or, as sometimes stated in the decisions, to minimize the loss. *Smith v. Lumber Co.,* 142 N. C., 26, 54 S. E., 788; *Advertising Co. v. Warehouse Co.,* 186 N. C., 197, 119 S. E., 196; *Mills v. McRae,* 187 N. C., 707, 122 S. E., 762; *Gibbs v. Tel. Co.,* 196 N. C., 516, 146 S. E., 209. It has also been held that the burden is upon the party committing the injury to offer evidence in mitigation of damages. A succinct statement of the principle is to be found in *Gibbs v. Tel. Co.,* 196 N. C., 516, as follows: "In an action for *tort* committed or breach of contract without excuse, it is a well settled rule of law that the party who is wronged is required to use due care to minimize the loss. . . . The burden is on defendant of showing mitigation of damages." See *Monger v. Lutterloh,* 195 N. C., 274, 142 S. E., 12. Therefore, while the duty is imposed upon the injured party to use ordinary care and prudence to minimize his damages, nevertheless the burden is upon the injuring party to offer evidence tending to show such breach of duty or failure to exercise the requisite degree of care and prudence to reduce and minimize the loss complained of.

Reversed.