J. W. STOTT v. SEARS, ROEBUCK AND COMPANY.

(Filed 13 December, 1933.)

1. **Evidence D f—Letters written by plaintiff held competent in corroboration of plaintiff's testimony on controverted fact.**

Where plaintiff's testimony as to the amount he was to receive under a contract of employment is directly challenged by testimony of defendant's general manager, letters written by plaintiff to officers of defendant company relative to the compensation agreed upon are competent in corroboration of plaintiff's testimony, and objections to their admissions

on the ground that they contained self-serving declarations will not be sustained, the letters being admitted solely for the purpose of corroborating plaintiff's testimony and not as an admission by defendant of the matters therein contained.

2. **Corporations G c—**

The act of a general manager of a corporation for a large territory in transferring a store manager from one of defendant's stores to another of its stores within the territory and in fixing such store manager's compensation at the new post is binding on the corporation.

APPEAL by defendant from *Cowper, Special Judge,* at June Special Term, 1933, of MECKLENBURG.

Civil action to recover damages for breach of contract of employment.

The defendant operates a number of mercantile establishments throughout the country, and is engaged in a large retail business. One of its stores is located at Charlotte, N. C., which store, prior to 1931, had not proved very satisfactory from the standpoint of profits. New management was desired.

The plaintiff had successfully managed two stores for the defendant, one at Youngstown, Ohio, and the other at Scranton, Pa. His drawing account, or guaranteed salary, as manager of the Scranton store for the year 1931, was $4,200, in addition to which, it was estimated he would receive approximately $4,000 as a bonus, depending upon the net earnings of the company for the preceding year, according to defendant's plan of sharing with managers of its different stores.

On 27 July, 1931, plaintiff was transferred to Charlotte as manager of defendant's store at a guaranteed minimum salary for the year 1932 "of as much as he was making at Scranton," so he alleges and the jury accordingly finds. This was denied by the defendant. On 26 March, 1932, plaintiff was released from the Charlotte store, with assurance that he would hear from F. M. Judson, the former district manager in the north, relative to assignment to another store. Not hearing from Mr. Judson, plaintiff wrote him in regard to another assignment, first on 7 April, 1932, which was followed by correspondence consisting of an exchange of several letters. To the introduction of these letters the defendant objected and excepted.

Plaintiff then exchanged a number of letters with other officers of the defendant company relative to employment at some other point, but which resulted in no further employment. In apt time, the defendant objected to the introduction of this correspondence as containing self-serving declarations, tending to show plaintiff's version of the terms of the contract of employment. Overruled; exception. The court stated to the jury that it was admitted in corroboration of plaintiff's testimony. Some of the letters were written before and some after plaintiff's definite discharge in June, 1932.

The remaining assignments of error relate to prayers for instructions refused, and instructions given.

The jury returned the following verdict:

"I. Did the plaintiff and the defendant enter into a contract by the terms of which the defendant agreed to employ the plaintiff for the year 1932, at a minimum salary of eighty-two hundred dollars ($8,200) ? Answer: 'Yes.'

"II. If so, did the defendant wrongfully breach said contract? Answer: 'Yes.'

"III. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: '$5,648.20.' "

Judgment on the verdict, from which the defendant appeals.

*Uhlman S. Alexander and John M. Robinson for plaintiff.*
*Cansler & Cansler for defendant.*

STACY, C. J. The testimony of the plaintiff and that of C. A. Woods, defendant's southern territorial officer, is in direct conflict as to what plaintiff's salary was to be for the year 1932. They both agree that it was to equal his Scranton compensation for the balance of 1931. Therefore, plaintiff's testimony with respect to his compensation for the year 1932, was directly challenged by defendant's witness, C. A. Woods. In this state of the record, it was permissible for plaintiff to offer in evidence the correspondence had between himself and officers of the defendant company, with respect to the terms of the contract of employment, as corroborative of his own testimony. *Allred v. Kirkman,* 160 N. C., 392, 76 S. E., 244; *Burnett v. R. R.,* 120 N. C., 517, 26 S. E., 819.

The case is not like *Leach and Co. v. Peirson,* 275 U. S., 120, 72 L. Ed., 194, and others of similar import, cited and relied upon by defendant, where the plaintiff sought to offer in evidence, as proof of the facts set forth therein, an unanswered letter, written by himself to defendant and containing self-serving declarations, the Court saying in the cited case that the failure to answer such a letter was not tantamount to an admission on the part of the defendant of the truth of the matters and things therein asserted. See Annotation, 8 A. L. R., 1163.

Likewise, the cases of *S. v. Melvin,* 194 N. C., 394, 139 S. E., 762, *S. v. Exum,* 138 N. C., 599, 50 S. E., 283, and *S. v. Parish,* 79 N. C., 610, strongly relied upon by defendant, are not against, but, for the purpose offered, are in support of the admissibility of the evidence now in question.

While not offered for the purpose, it is suggested by plaintiff that this evidence was also competent to show diligence on his part to secure

other employment in diminution of loss. *Distributing Corp. v. Seawell,* *ante,* 359; *Mills v. McRae,* 187 N. C., 707, 122 S. E., 762; *Monger v. Lutterloh,* 195 N. C., 274, 142 S. E., 12.

It is observed that the defendant was allowed to strengthen C. A. Woods' testimony by offering in evidence exchange of letters had between himself and other officers of the defendant company relative to plaintiff's status. The competency of this evidence, as corroborative of defendant's witness, is not questioned, though it may have been *res inter alios acta. Stanley v. Lbr. Co.,* 184 N. C., 302, 114 S. E., 385; *Bryant v. Bryant,* 178 N. C., 77, 100 S. E., 178. The only purpose in mentioning this circumstance is to point out that both sides resorted to and were granted the privilege of offering corroborative evidence. The principle stated in *Shelton v. R. R.,* 193 N. C., 670, 139 S. E., 232, is not involved.

The authority of C. A. Woods to act for the defendant in transferring plaintiff to the Charlotte store, and in agreeing upon his compensation, while challenged on the record, was properly ruled in favor of such authority. *Lumber Co. v. Elias,* 199 N. C., 103, 154 S. E., 54; *Strickland v. Kress,* 183 N. C., 534, 112 S. E., 30.

The remaining exceptions are not of sufficient merit to warrant a new trial, or to call for elaboration. The verdict and judgment will be upheld.

No error.