THE FEDERAL LAND BANK OF COLUMBIA v. HENRY G. ROBERTSON ET AL.

(Filed 23 September, 1936.)

1. **Evidence J a—Parol evidence held competent to explain or correct trustee's report of bid at foreclosure sale.**

The *cestui que trust* in a second deed of trust bid in the land at the sale under its lien. In a later suit to foreclose the first deed of trust the *cestui que trust* in that instrument, the plaintiff in this action, claimed that the bid at the prior foreclosure was for "$5.00, plus present encum-

BANK v. ROBERTSON.

brances," and sought to hold the bidder liable for the debt secured by the first deed of trust. The trustee's deed made pursuant to the prior sale recited a bid of "$5.00," but plaintiff was allowed to introduce the "Report of Sale" by the trustee and "Order of Confirmation" by the clerk, which tended to establish the bid as contended for by plaintiff. The *cestui que trust* in the second deed of trust offered testimony that the trustee did not make or authorize the report, and that it only authorized a bid of "$5.00." *Held:* The parol evidence tending to establish the bid as being "$5.00," without assumption of prior debt, was erroneously excluded, the trustee's report, while competent in evidence, being subject to explanation, correction, or rebuttal, and the attack thereon not being collateral.

2. **Same—**

The recitation of the bid at the foreclosure sale contained in the trustee's deed to the purchaser is not conclusive, but the true terms of the bid may be established by parol.

3. **Evidence D f—**

Where a trustee testifies as to the amount of a bid made at a foreclosure sale conducted by him, his written report of the sale is competent for the purpose of impeaching or corroborating his testimony, the report being a declaration made by him as a party to the transaction.

4. **Appeal and Error J g—**

Where a new trial is awarded on appeal, matters that may not arise upon a second hearing need not be determined.

APPEAL by defendant, the Bank of Franklin, from *Alley, J.,* at April Term, 1936, of MACON.

Civil action to foreclose deed of trust and to recover deficiency judgment.

The facts are these:

1. On 1 September, 1924, Henry G. Robertson, then unmarried, executed mortgage or deed of trust to the Federal Land Bank of Columbia on lands in Macon County to secure a loan of $1,500.

2. On 11 March, 1932, Henry G. Robertson and wife executed deed of trust to H. W. Cabe, trustee, on the same lands, to secure notes and judgments held against him by the Bank of Franklin.

3. The other defendants are judgment creditors of the said Henry G. Robertson.

4. On 26 June, 1933, the trustee foreclosed the second deed of trust and the Bank of Franklin became the purchaser at said sale.

5. Upon issue joined, the jury found that the bid at said sale was "$5.00, plus present encumbrances." The trustee's deed recites a bid of "$5.00."

6. Over objection, the plaintiff was allowed to offer in evidence, as a public record, "Report of Sale" by trustee and "Order of Confirmation" by the clerk, which tend to support plaintiff's allegation as to terms of

the bid. Exception. There was no increased bid filed with the clerk. *Cherry v. Gilliam,* 195 N. C., 233, 141 S. E., 594.

7. The trustee offered to testify that he never made any report of the sale, and that his purported signature to said report was neither authorized nor genuine. Objection sustained; exception.

8. The Bank of Franklin then offered to show that it only authorized a bid of $5.00 for the equity of redemption; and that the assumption of prior encumbrances was not a part of the purchase price or bid. Objection sustained; exception. The plaintiff offered parol testimony as to the terms of the bid.

From a judgment on the verdict, the Bank of Franklin appeals, assigning errors.

*Gray & Christopher for plaintiff, appellee.*

*George B. Patton for defendants Frank I. Murray, J. H. Stockton. J. E. Rickman, C. R. Zachary, trustee, and O. C. Corbin, appellees.*

*G. L. Houck and Jones & Ward for defendant Bank of Franklin, appellant.*

STACY, C. J. Notwithstanding the trustee's deed recites a bid of $5.00, it is competent to show by parol, or otherwise, the real consideration or the true terms of the bid. *Pate v. Gaitley,* 183 N. C., 262, 111 S. E., 339. For this purpose, the report of the trustee (if, indeed, any were made), whether required to be filed by law or not, is competent as evidence, as the trustee was a party to the transaction. It is well settled in this jurisdiction that when a party to a transaction makes a statement as to its terms, orally or in writing, the declaration may be offered in evidence either to corroborate or to impeach his testimony. *Stott v. Sears, Roebuck Co.,* 205 N. C., 521, 171 S. E., 858; *Anderson v. Nichols,* 187 N. C., 808, 123 S. E., 86; *Allred v. Kirkman,* 160 N. C., 392, 76 S. E., 244. On the other hand, such report is not sacrosanct. It is subject to explanation, correction, or rebuttal, by other competent evidence. *Braddy v. Pfaff, ante,* 248; *Bean v. Bean,* 135 N. C., 92, 47 S. E., 232; *Allen v. Royster,* 107 N. C., 278, 12 S. E., 134; *Turner v. Turner,* 104 N. C., 566, 10 S. E., 606. Nor would such attack upon said report be regarded as collateral in the present proceeding. *Oliver v. Hood, Comr.,* 209 N. C., 291, 183 S. E., 657. The remark in *Bank v. Stewart,* 208 N. C., 139, 179 S. E., 463, relied upon by plaintiff, was in reference to the sale and not to the report. It was error, therefore, to exclude appellant's proffered testimony in regard to the terms of the bid, especially as plaintiff had offered parol evidence to the same point.

In this view of the matter, the principal question debated on argument and brief, *i.e.,* whether the doctrine of *Baber v. Hanie,* 163 N. C., 588,

80 S. E., 57, is controlling or applicable, becomes presently unnecessary to decide. Upon a full disclosure of the evidence, the facts may appear otherwise. The following citations, however, may be of interest on the second hearing: Annotation, 12 A. L. R., 1528; Wiltsie on Mortgage Foreclosures (4th Ed.), sec. 246; Decennial Digest (Mortgages), Key No. 282 (2).

For the error, as indicated, in excluding appellant's proffered testimony, a new trial must be awarded. It is so ordered.

New trial.