FARMERS BANK, Incorporated, v. MERCHANTS AND FARMERS BANK, Incorporated, TYRRELL MANUFACTURING COMPANY, Incorporated, D. O. NEWBERRY, J. H. SWAIN, J. H. BATEMAN, S. M. COMBS, and A. MELSON.

(Filed 15 March, 1933.)

**1. Appeal and Error A d—Appeal in this case held premature as being from interlocutory order not affecting substantial rights.**

Where a cause is referred to a referee and exceptions taken to his report, and the cause is continued for hearing upon the exceptions and the matter remains passive for several years, an order of the trial court allowing a certain sum to the referee in payment of his services is an interlocutory order in a pending cause within the power of the trial court which is not reviewable, and the order will be affirmed on defendant's appeal, no substantial right of the parties being affected and the matter being reviewable upon appeal from final judgment upon exceptions duly taken.

**2. References E b—**

The claim of a referee for payment of services rendered in the cause which is still pending in the courts upon exceptions to his report is not barred by C. S., 441(8), nor is C. S., 1226, applicable thereto.

Stacy, C. J., and Brogden, J., dissenting.

Appeal by defendants S. M. Combs and J. H. Swain from *Moore, Special Judge,* at December Term, 1932, of Tyrrell. Affirmed.

The agreement of facts are somewhat vague. In 1921 a suit was brought by plaintiff against the defendants. A judgment was rendered for plaintiffs against defendants by Judge George W. Connor, January Term, 1923, Tyrrell Superior Court. In that judgment is the following: "It is further, by consent, ordered, decreed and adjudged that all matters in controversy between the defendants as endorsers and the defendant trustee, Merchants and Farmers Bank of Columbia, *be and the same is hereby referred to W. S. Privott, who shall state an account between the defendants,* showing what amount, if any, is in the hands of the trustee or ought to be in his hands from the sale of any property made under deed of trust set out above or the assignment, that the sale made by the said trustee be what is known as the Branning property and the personal property conveyed either in the deed of assignment or deed of trust is hereby ratified and that the attempted sale of the real estate is hereby annulled. *The difference between the defendants endorsers is to be taken in account by the said referee in stating his account,* showing what money, if any, either one has which belongs to be credited or accounted for on this indebtedness, that the defendants, or either of them upon motion before the referee, may have the right to file any additional pleadings as to their accounts, showing their claims as to any differences to the same applicable to this indebtedness, that the referee shall give

notice to all parties interested ten days before the hearing and make his report at the next term of this Court with his findings of fact and conclusions of law." "W. S. Privott under order·of the court duly heard the contentions between the parties and made his report back to the court as of the Term, 1924. . . . That, no order has been signed by any judge allowing or fixing the fee of the said W. S. Privott. . . . That, W. S. Privott made his motion at the December Term, 1932, of the Superior Court of Tyrrell County, asking that a fee be allowed him in this action, after giving due notice. That, on 5 January, 1925, the said W. S. Privott wrote the clerk of the Superior Court of Tyrrell County, in which he stated in part, the following: 'Will you please let us know the exact status of the above entitled action? Have the exceptions filed to my report been passed on by the judge? If so, did he approve my bill as referee, and for what amount?' The referee submitted with his report to the court a bill for services and expenses as referee in connection with the above entitled action for $500, which bill was with the referee's report and in the clerk's hands since that time. . . . There was an order signed by Judge F. A. Daniels, at the April Term, 1927, of the Tyrrell County Superior Court, *in which it was ordered that the hearing upon the exceptions filed to the report of the referee and all other matters open for determination in this cause be and the same were continued. And, no hearing has ever been held on the exceptions to the report of the referee, and the said report has never been confirmed,* but the judgment rendered at the January Term, 1923, has been paid, as above mentioned, and the referee has had no personal notice of any settlement of the matters submitted to him for adjudication."

The court below made an order that the clerk tax as cost a fee to W. S. Privott, referee, in the sum of $200, to be paid by the defendants. W. S. Privott lived at Edenton, N. C.

*Privott & Privott for appellee.*
*H. L. Swain for appellants.*

CLARKSON, J. It is not disputed on the record that W. S. Privott had rendered his bill as referee and had performed the full duties required of him by the court as referee and has never been paid. There were exceptions filed to the report of the referee and the matter remained passive until April Term, 1927. At that term the cause was continued to hear exceptions to the referee's report and no hearing has ever been held on the exceptions to the report of the referee. The report of the referee has never been passed upon by the court below and the case seems now to be on the docket for hearing on the exceptions to the referee's report.

In *Coburn v. Comrs.,* 191 N. C., at p. 74, is the following: " 'This cause is retained upon the civil docket of Swain County to the end that the court may make such further orders or decrees as may become necessary for the protection of the rights of all parties.' This consent judgment left a discretionary power in the court to make such orders or decrees *for the protection of the rights of all parties.*"

In N. C. Practice & Procedure in Civil Cases (McIntosh), part sec. 649, at p. 733, speaking to the subject, we find: "Interlocutory judgments or orders are under the control of the court, and may be corrected or changed at any time before final judgment, to meet the exigencies of the case."

In *Hosiery Mill v. Hosiery Mills,* 198 N. C., at p. 598, we find: "Ordinarily, no appeal lies to this Court from an interlocutory order made in an action pending therein by the Superior Court. An exception to the order, taken in apt time, will be considered on an appeal from the final judgment in the action, when such exception is duly presented on said appeal. If, however, an interlocutory order affects a substantial right of a party to the action, and is prejudicial to such right, he may appeal therefrom to this Court, and his appeal will be heard, and decided on its merits. *Skinner v. Carter,* 108 N. C., 106, 12 S. E., 908. If the order does not affect a substantial right of the appellant, his appeal therefrom to this Court will be dismissed. *Warren v. Stancill,* 117 N. C., 112, 23 S. E., 216; *Leak v. Covington,* 95 N. C., 194."

We do not think C. S., 441, sec. 8, which is as follows, is applicable: "For fees due to a clerk, sheriff or other officer, by the judgment of the court; within three years from the rendition of the judgment, or the issuing of the last execution thereon." Nor is C. S., 1226 applicable.

From the meager record, we conclude that the cause was still pending and the court below had the power to render the judgment, which is

Affirmed.

STACY, C. J., and BROGDEN, J., dissenting.