ALLEN WARREN v. STANCILL & RANDOLPH.

*Practice—Order Setting Aside Arbitrator's Award, When Interlocutory—Appeal.*

An order setting aside an arbitrator's award in a pending action and directing other proceedings is interlocutory and not final, and no appeal lies directly therefrom. In such case, an exception should be noted so as to be passed on when final judgment is rendered and appealed from.

CIVIL ACTION, heard on award of arbitrator and exceptions thereto before *Hoke, J.*, at December Term, 1893, of PITT Superior Court. The facts appear in the opinion of Associate Justice MONTGOMERY. The plaintiff appealed.

*Messrs. Shepherd & Busbee*, for plaintiff (appellant).
*Mr. John L. Bridgers*, for defendant.

MONTGOMERY, J.: This action was by consent of the parties referred by the court to E. A. Moye, arbitrator, his award to be the judgment of the court. When the award came in, exceptions were filed thereto by the defendant. After hearing the exceptions his Honor gave judgment setting aside the award, making new parties and re-referring the case to the same arbitrator. From this judgment the plaintiff undertook to appeal to this Court. It is unnecessary for us to consider whether sufficient cause appeared on the face of the award to warrant his Honor in setting it aside. The only question for our consideration

is whether the judgment is appealable.   We are of the
opinion that no appeal lay because the judgment directed
further proceedings and was not a final one.   It affected
no substantial right of the plaintiff which required an
immediate adjudication to prevent loss or injury to him.
The judgment below only delayed the appeal until the final
judgment should be granted, and such delay did not deprive
the appellant of any substantial right.   *Hailey* v. *Gray*, 93
N. C., 195.   In *Blackwell* v. *McCaine*, 105 N. C., 460, it is
said: "Many cases decide that an  appeal does not lie at
once from an interlocutory judgment or order, unless it
puts an end to the action, or may destroy or impair a sub-
stantial right of the complaining  party to delay his appeal
until the final judgment.   He must assign error, or except,
and have the same noted in the record and bring the whole
up by an appeal from the final judgment." (See the numer-
ous cases cited on these questions of practice in that
opinion).   In *Tenant* v. *Divine*, 24 W. Va., 388, it appeared
that a submission to arbitrators was made by agreement of
parties *in pais*, the  award to be a judgment of the circuit
court of Montgomery county.   The award was set aside,
and the defendant in error to the Supreme Court of appeals
claimed that that Court was without jurisdiction because
the judgment of the circuit court was interlocutory and not
final, and that no appeal would lie from any other than a
final judgment.   It was held, however, that the judgment
of the lower court was final because nothing remained in
that court, and no further proceedings could be had therein
without resorting to a new action, either on the original
cause of action, or the agreement for submission.   In the
same case it was declared that, if the order of reference had
been made in *a pending action* and not upon *agreement* of
the parties *in pais*, the rule would have been different;
because, though the award was set aside, yet the action still

117—8

remained in court for further proceedings and a final judgment might have been had therein without a new action. And so, in *Manlow* v. *Thrift*, 5 Munford, 493, where the *award* made in *a pending action* was set aside upon the appeal of the plaintiff, the judgment below was held interlocutory and the appeal permature. The appeal must be dismissed.

Dismissed.