TAR HEEL HOSIERY MILL v. DURHAM HOSIERY MILLS.

(Filed 16 April, 1930.)

1. **Appeal and Error A d—Appeal will lie from denial of motion to strike out made before time for demurrer or answer.**

    A motion by the defendant in writing to strike out irrelevant and immaterial allegations of the complaint made in apt time before the time for filing answer or demurring has expired is not addressed to the discretion of the trial court, but is made as a matter of right, and an appeal from an order denying the motion is not premature and will be considered by the Supreme Court upon its merits. C. S., 537.

2. **Appeal and Error J a—Appeal will lie from interlocutory order affecting substantial rights.**

    While ordinarily an appeal will not lie directly from an interlocutory order, it is otherwise if the order affects substantial rights, and an appeal from an order denying defendant's motion to strike out certain allegations of the complaint, made before time for filing answer or demurring has expired, will be considered by the Supreme Court upon its merits.

3. **Pleadings J a—Motion to strike out allegations on ground that irrelevant evidence will thereby be admissible will not be granted.**

    The refusal of the trial court to allow a motion made in apt time to strike out certain allegations of the complaint on the ground that the reading of the allegations will prejudice the jury and that the allegations will render admissible irrelevant evidence will not be reversed on appeal, no substantial right of the defendant being affected thereby to his prejudice since the jury will be instructed to find their verdict from the evidence and since all irrelevant evidence will be excluded by the trial court upon objection of the complaining party.

4. **Same—Motion made in apt time to have extraneous and redundant matter stricken from complaint should be allowed.**

    A defendant in a civil action has the right to have all extraneous and redundant matter alleged in the complaint stricken out before being called upon to answer or demur, C. S., 506, and the refusal of the trial court of the defendant's motion made in apt time before time, C. S., 537, is error where the allegations objected to are irrelevant or redundant.

Appeal by defendant from order of *Cranmer, J.,* at November Term, 1929, of Durham. Modified and affirmed.

This action was heard on defendant's motion to strike certain allegations from the complaint on the ground (1) that said allegations are irrelevant and immaterial to the cause of action alleged in the complaint; (2) that the reading of said irrelevant and immaterial allegations at the trial in the presence of the jury would be highly prejudicial to defendant, and (3) that the presence of said allegations in the complaint will render admissible at the trial evidence not pertinent to the issues which will be determinative of the rights and liabilities of the parties to this action.

From the order of the court denying its motion, defendant appealed to the Supreme Court.

*Brawley & Gant for plaintiff.*
*Wm. W. Sledge, Jones Fuller and Brooks, Parker, Smith & Wharton for defendant.*

CONNOR, J. Summons was issued and complaint filed in this action on 25 September, 1929. Before the time allowed by law for the filing of a demurrer or of an answer to the complaint had expired, the defendant moved the court to strike certain allegations from the complaint on the ground (1) that said allegations are irrelevant and immaterial to the cause of action alleged in the complaint; (2) that the reading of said irrelevant and immaterial allegations at the trial and in the presence of the jury would be highly prejudicial to the defendant, and (3) that the presence of said allegations in the complaint would render admissible at the trial evidence not pertinent to the issues which will be determinative of the rights and liabilities of the parties to this action. The motion was in writing and was made in apt time. C. S., 537.

The first question presented for consideration by this Court is whether defendant's appeal from the order denying its motion is premature.

It has been held by this Court that a motion by defendant that plaintiff be required by amendment to make certain allegations of his complaint more definite, when the motion was made after demurrer or answer filed, is addressed to the discretion of the court and that its action on the motion is not ordinarily reviewable by this Court on appeal. *Hensley v. McDowell Furniture Co.,* 164 N. C., 148, 80 S. E., 154. This principle is applicable to a motion to strike from the complaint matter which is irrelevant or redundant. Where such motion is made after the defendant has filed a demurrer, or an answer to the complaint, it is addressed to the discretion of the court. No appeal lies from the order of the court, allowing or denying the motion. An exception to the order will be considered by this Court only on an appeal from the final judgment in the action. Where, however, the motion has been made in apt time and in accordance with the provisions of C. S., 537, it is not addressed to the discretion of the court, but is made as a matter of right. The order of the court, whether allowing or denying the motion, in such case, is subject to an appeal to this Court. An appeal from the order, where appellant has duly excepted thereto, will be heard by this Court. It will not be dismissed, but will be considered and decided on its merits. In the instant case, the order having been made on a motion made in apt time, and in accordance with the provisions of the statute, the appeal therefrom is not premature, and will not be dismissed for that reason.

The order in this case, denying the motion of the defendant, is interlocutory. Ordinarily, no appeal lies to this Court from an interlocutory order made in an action pending therein by the Superior Court. An exception to the order, taken in apt time, will be considered on an appeal from the final judgment in the action, when such exception is duly presented on said appeal If, however, an interlocutory order affects a substantial right of a party to the action, and is prejudicial to such right, he may appeal therefrom to this Court, and his appeal will be heard, and decided on its merits. *Skinner v. Carter,* 108 N. C., 106, 12 S. E., 908. If the order does not affect a substantial right of the appellant, his appeal therefrom to this Court will be dismissed. *Warren v. Stancil,* 117 N. C., 112, 23 S. E., 216; *Leak v. Covington,* 95 N. C., 194. In the instant case, if the order from which defendant has appealed, although interlocutory, affects a substantial right of defendant, to its prejudice, its appeal will not be dismissed, but will be considered and decided on its merits.

We are of the opinion that no substantial right of defendant has been impaired or affected to its prejudice, by the refusal of the court to allow its motion on the ground either that the reading of the allegations which defendant contends are irrelevant and immaterial to the cause of action alleged in the complaint, at the trial and in the presence of the jury, will prejudice defendant, or that the presence of such allegations in the complaint will render admissible evidence not pertinent to the issues which will be determinative of the rights and liabilities of the parties to this action. The jury will be instructed by the court to consider only the evidence offered at the trial and to answer the issues in accordance with the facts as they shall find them to be from the evidence. Upon objection by the defendant, the court will exclude evidence which is not pertinent to the issues which will be submitted to the jury. There was no error in the refusal of the court to allow defendant's motion on either of these grounds.

If, however, any of the allegations referred to in defendant's motion are irrelevant or immaterial to the cause of action alleged in the complaint, they should be stricken from the complaint. The complaint should contain a plain and concise statement of the facts which constitute the cause of action upon which plaintiff demands judgment against the defendant. C. S., 506. If matter is alleged therein which is irrelevant, immaterial or redundant, defendant has a right to have same stricken from the complaint and there was error in the refusal of its motion, made in apt time, and in accordance with the provisions of C. S., 537. A defendant when called upon to file a demurrer or an answer to a complaint, has the right to demand that the complaint shall be drawn in accordance with the provisions of the statute, and shall not

contain matter which is irrelevant or redundant. Where the complaint does contain such matter, the statute affords the defendant his remedy.

Upon consideration of the allegations of the complaint, which defendant contends are irrelevant and immaterial, we are of the opinion that the contention cannot be sustained except as to the allegations contained in paragraph 8. These allegations constitute no part of the cause of action alleged in the complaint upon which plaintiff demands judgment against the defendant. There was error in the refusal of the court to strike these allegations from the complaint. There was no error, however, in the refusal to strike out the other allegations. While probably not essential to the cause of action, it cannot be held that as a matter of law they are irrelevant and immaterial.

The order should be modified in accordance with this opinion. As thus modified, the order is

Affirmed.