W. B. ELLIS v. CLARA N. ELLIS ET AL.

(Filed 6 June, 1930.)

1. ·Appeal and Error A d—Appeal will lie from the granting of a motion to strike out paragraphs of complaint affecting a substantial right.

An appeal will lie from the denial, and conversely the granting of a motion to strike out certain irrelevant or redundant matter from the complaint when the order affects a substantial right of the appellant. C. S., 537.

2. Pleadings J a—Granting of motion to strike out certain redundant matter from complaint held not erroneous in this case.

Where the trial court has allowed the plaintiff to file an amendment to the complaint to be confined to certain phases of the controversy or to allegations as to certain and specific matters, the plaintiff must confine himself to the restrictions under which he is permitted to amend or the trial judge may order stricken therefrom any further matters or any allegations that are irrelevant or redundant and not in conformity with the statute, C. S., 506, requiring a plain and concise statement of the cause of action without unnecessary repetition, and the granting of the defendant's motion to strike out certain parts of the amended complaint will be sustained on appeal if the complaint is sufficient in its allegations after the portions objected to have been stricken out to present every phase of the controversy.

CIVIL ACTION, before *Finley, J.,* at November Term, 1929, of FORSYTH.

The plaintiff instituted this action to set aside a consent judgment rendered March Term, 1925, of the Superior Court of Forsyth County. The consent judgment was considered by this Court in *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350. At the November Term, 1929, Judge McElroy, upon the request of plaintiff, permitted him to "file an amended or substituted complaint, which shall be limited in its allegations to the presentation of two issues, to wit, first, with respect to setting aside the consent judgment of the March Term, 1925, and second, the delivery of deed dated 12 March, 1925, from Clara N. Ellis to W. B. Ellis, etc." Thereafter the plaintiff filed an "amended and substitute complaint" containing twenty allegations and covering approximately twenty-six pages of the record. In apt time and before answering the

defendants duly made a motion to strike from said complaint certain allegations upon the ground that such allegations were "irrelevant, incompetent and impertinent." The trial judge heard the motion and ordered that "all the allegations contained in paragraphs 2, 3, 8, 9, 14, and 17" be stricken out, and it was further adjudged that certain designated portions of paragraphs 4, 6 and 16 be stricken out.

From the foregoing judgment the plaintiff appealed.

*John A. Hendricks for plaintiff.*
*Parrish & Deal and Manly, Hendren & Womble for defendants.*

BROGDEN, J. The denial of a motion made in apt time to strike from a complaint irrelevant and redundant matter affects a substantial right and is appealable. Conversely the granting of such motion is not such an interlocutory order as to foreclose review by the appellate court. *Hosiery Mills v. Hosiery Mills, ante,* 596. C. S., 537.

A complaint is the story of the cause or causes of action which the statute requires to be told in "a plain and concise statement . . . without unnecessary repetition." C. S., 506. As to what constitutes "unnecessary repetition" is often times a vexing problem which can only be solved by an examination of the pleading involved and bearing in mind the ultimate and determinative facts to be proved at the trial. In the case at bar "the amended and substituted complaint" was limited by the judge granting the order to the presentation of two issues; first, with respect to setting aside the consent judgment; and, second, the delivery of deed in controversy. The plaintiff attacked the consent judgment upon the broad ground that he was induced by means of duress to sign the decree. This duress, as he alleges, resulted from various causes, principally the fear of lunacy proceedings and the physical and mental exhaustion incident to a long and grueling cross-examination. It must be conceded that the plaintiff is entitled to allege and prove, if he can, all relevant matters surrounding the signing of said consent judgment. Nevertheless a careful examination and inspection of the complaint discloses many extraneous matters, not pertinent to the issues specified in the order permitting the amendment. The allegations stricken out by order of the trial judge included certain thumb-nail sketches of plaintiff's life and business transactions many years ago, with certain lunacy proceedings in New York and in Davie County, together with allegations of alleged trickery practiced upon the plaintiff in a divorce case between the plaintiff and his wife. We do not see the present relevancy of the allegations stricken from the complaint, to the issues as limited and defined in the order permitting the amendment. This Court held in *Dockery v. Fairbanks,* 172 N. C., 529, 90 S. E., 501, that if an amendment is not in accordance with the terms imposed by the judge author-

izing and permitting it, then the trial judge may strike out such portions thereof as fail to comply with the order. Moreover, it has also been held that pleadings should not be interlarded with "unavailing epithets and with matters that have no bearing whatever on the controversy." *Newsom v. Newsom,* 40 N. C., 122. The authorities bearing upon the subject may be found in McIntosh on North Carolina Practice and Procedure, page 378, section 371.

We are of the opinion and so hold that the allegations left in the complaint after striking out the allegations specified, are sufficiently broad and comprehensive to enable the plaintiff to present every phase of his attack upon the judgment complained of, and hence we find no reversible error in the judgment rendered.

Affirmed.