FEDERAL RESERVE BANK OF RICHMOND, VA., v. G. S. ATMORE,
TRADING AS NEUSE MOTOR COMPANY, AND G. S. ATMORE, INDIVIDUALLY.

(Filed 11 March, 1931.)

1. **Bills and Notes H b—Motion to strike out held properly allowed, defendant having right to present all defenses upon the pleadings.**

   The maker of a note may not set up defenses he may have against the payee of the note in an action by a holder in due course, but where the holder is not a holder in due course without notice, the maker may set up all defenses which he may have as against the payee, and where the answer after the plaintiff's motion to strike irrelevant and immaterial matter therefrom had been granted, sufficiently alleges that the holder was not a holder in due course for value without notice, the order allowing the motion to strike out will not be held for error, all defenses which the defendant may have being presentable under the pleadings. C. S., 3009, 3033, 3038, 3040.

2. **Pleadings I a—Order granting motion to strike out irrelevant and immaterial matter from answer held not error.**

   Where upon the plaintiff's motion, made in apt time, C. S., 537, an order is made striking out certain parts of the answer as being irrelevant and immaterial, and the answer, after the matters objected to have been stricken out, is sufficient to raise all issues of law or fact involved, and the defendant is not deprived of any substantial right or defense thereby, the order will not be held for error.

3. **Appeal and Error A d—Granting of motion to strike out matter from pleadings, addressed to court as matter of right, is appealable.**

   Where a motion to strike out certain matters in the pleadings is addressed to the court as a matter of right and not as a matter of discretion, an order granting the motion is reviewable on appeal.   ·

4. **Appeal and Error F c—Exception to order not appealed from will not be considered.**

   Upon defendant's appeal from an order of the trial court striking out irrelevant and immaterial matters from the pleadings, another order in which a party to the action is made, excepted to but not appealed from, will not be considered.

APPEAL by defendant from *Small, J.,* at January Term, 1931, of CRAVEN. Affirmed.

This is an action on two promissory notes, negotiable in form, and executed by defendant, G. S. Atmore, trading as Neuse Motor Company. Both said notes were endorsed by the defendant, G. S. Atmore, individually, before their delivery to the payees named therein, respectively.

One of said notes, for the sum of $5,000, dated 28 September, 1929, and due on 29 October, 1929, was payable to the order of the maker. This note with the endorsement of the maker was negotiated to the First National Bank of New Bern, N. C., and by said bank to the plaintiff, now the holder thereof.

The other note, for the sum of $2,000, dated 8 October, 1929, and due thirty days after date, was payable to the order of the First National Bank of New Bern, N. C. This note with the endorsement of the payee was negotiated to the plaintiff, now the holder thereof.

In its complaint, plaintiff alleges, both specifically and generally, that it is the holder in due course, and for value, of each of said notes. Defendant, in his answer, denies both the specific and general allegations of the complaint to the effect that plaintiff is the holder of said notes in due course and for value. In addition to said denials, in defense of plaintiff's right to recover in this action, defendant alleges certain matters, both of law and of fact, all of which challenge the right of plaintiff to recover in this action as a holder in due course, and for value, on the notes set out in the complaint.

The action was heard on plaintiff's motion that certain matters alleged in the answer be stricken therefrom, on the ground that said matters, specifically pointed out in the motion, which was in writing, are irrelevant and immaterial, impertinent and frivolous. This motion was allowed.

From the order directing that certain matters alleged in the answer, and specifically pointed out in the order, be stricken from the answer, in accordance with the motion of the plaintiff, defendant appealed to the Supreme Court.

*W. H. Lee and M. G. Wallace for plaintiff.*
*Guion & Guion for defendant.*

CONNOR, J. The defendant admits in his answer the execution and endorsement by him of each of the notes sued on in this action.

He alleges that he executed and endorsed the note for $5,000, for the accommodation of the First National Bank of New Bern, N. C., and that he received no value for said note from said bank. C. S., 3009. It is alleged in the complaint that this note was negotiated by the First National Bank of New Bern, N. C., to the plaintiff.

The defendant admits in his answer, that he received value for the note for $2,000, from the payee, the First National Bank of New Bern, N. C. He alleges, however, that he has a set-off or counterclaim against the First National Bank of New Bern, N. C., with respect to said note. It is alleged in the complaint that this note was negotiated by the First National Bank of New Bern, N. C., to the plaintiff.

Neither of the defenses alleged in the answer will avail defendant in this action if, as alleged in the complaint, the plaintiff is the holder in due course, and for value, of each of said notes. C. S., 3033, 3038. If, however, it is shown at the trial of the action, that defendant

executed and endorsed the note for $5,000, for the accommodation of the First National Bank of New Bern, N. C., and received no value from said bank for said note; or if it is shown at the trial that defendant has a valid offset or counterclaim against the First National Bank of New Bern, N. C., with respect to the note for $2,000, then, in either case, the burden will be on plaintiff to prove, as alleged in the complaint, that plaintiff is the holder in due course, and for value of said notes, or of either of them. C. S., 3040. *Whitman v. York,* 192 N. C., 87, 133 S. E., 427. Otherwise, each of said notes, although held by the plaintiff at the commencement of this action, as the result of its negotiation to plaintiff by the First National Bank of New Bern, N. C., is subject to the same defenses as are available to the defendant against said bank. C. S., 3039. *Whitman v. York, supra.*

Defendants' answer, after the matters alleged therein have been stricken therefrom, as irrelevant and immaterial, is sufficient to raise issues both of law and of fact, involving the right of plaintiff to recover in this action, as the holder in due course of the notes sued on. The matters stricken from the answer are at least irrelevant and immaterial. The order striking said matters from the answer does not deprive defendant of any substantial right or defense at the trial of the action founded upon his equities against the First National Bank of New Bern, N. C.

Plaintiff's motion was made in apt time. C. S., 537. It was not addressed to the discretion of the Court, but was made as a matter of right. *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794. The order was therefore subject to review by this Court on defendants' appeal. However, there was no error in the order, and it is therefore affirmed.

The validity of the order made in this action by Judge Small, at November Term, 1930, of the Superior Court of Craven County, directing that the receiver of the First National Bank of New Bern be made a party defendant to this action, is not involved in this appeal by the defendant from the order made at January Term, 1931. Plaintiff excepted to the order making the receiver a party, but has not appealed from said order. We therefore do not pass upon the question discussed in the brief of plaintiff, as appellee on this appeal, as to the effect of the order at January Term, 1931, upon the order of November Term, 1930. The order involved in this appeal is

Affirmed.