THE FIRST CAROLINA'S JOINT-STOCK LAND BANK, INCORPORATED, OF COLUMBIA, SOUTH CAROLINA, v. SARAH C. STEWART ET AL.

(Filed 10 April, 1935.)

**Mortgages H k: H p—Foreclosure sale cannot be collaterally attacked in mortgagee's action for deficiency after foreclosure.**

In an action to recover the balance due on mortgage notes after foreclosure, confirmation of the sale by the clerk, C. S., 2591, and application of the proceeds of sale to the notes, equitable matters in defense relevant only upon the motion to confirm the sale are properly stricken from the answer upon motion, C. S., 537, since plaintiff seeks a legal remedy only and invokes no equitable jurisdiction of the court, and the foreclosure sale cannot be collaterally attacked in plaintiff's action to recover the deficiency after foreclosure.

APPEAL by defendants from *Hill, Special Judge,* at November Term, 1934, of CRAVEN. Affirmed.

This is an action to recover the balance due on a note executed by the defendants on 2 January, 1925, and secured by a deed of trust which was duly recorded in the office of. the register of deeds of Beaufort County, North Carolina.

Upon default in the payment of the note, according to its terms, the deed of trust was foreclosed by the sale of the land conveyed thereby, under the power of sale contained in the deed of trust. The sale was made on 5 March, 1931, and was duly confirmed by the clerk of the Superior Court of Beaufort County. The proceeds of the sale were applied as a payment on the note, leaving a balance due as alleged in the complaint. This action was begun in the Superior Court of Craven County on 12 September, 1931.

The action was heard at November Term, 1934, of said court on plaintiff's motion that certain allegations in the further answer of the defendants be stricken out, on the ground that the matters contained therein do not constitute a defense to this action, and are for that reason immaterial and irrelevant.

From an order allowing plaintiff's motion, in part, the defendants appealed to the Supreme Court.

*Ward & Ward and Warren & Warren for plaintiff.*
*L. I. Moore and William Dunn for defendants.*

CONNOR, J. The matters contained in the allegations in the further answer of the defendants, which were stricken out, on the motion of the plaintiff, do not constitute a defense to the cause of action alleged in the complaint. They are, therefore, immaterial and irrelevant, and were

properly stricken from the answer. C. S., 537. They were material and relevant only on the motion to confirm the sale of the land conveyed by the deed of trust, which was duly reported to the clerk of the Superior Court of Beaufort County, and confirmed by him. C. S., 2591. This sale is not subject to collateral attack in this action.

It would seem from the allegations in their answer that the defendants were dealt with harshly by the plaintiff, but the Court is without power to give them relief in this action. The plaintiff does not in this action invoke the equitable powers of the Court. It is content to have only its legal remedy. The order must be

Affirmed.