Lois Fitzgerald, *Admx. v.* The Chesapeake and Ohio Railway Company *et al.*

(No. 8087)

Submitted April 17, 1935. Decided May 7, 1935.

*Fitzpatrick, Brown & Davis* and *C. W. Strickling,* for plaintiffs in error.

*J. Blackburn Watts,* for defendant in error.

Litz, President:

Defendants, Chesapeake & Ohio Railway Company, B. H. Morgan, and H. J. Davis, are aggrieved by the judgment of the common pleas court of Kanawha County, upon the verdict of a jury for $6,250.00 against them in favor of plaintiff, Lois

Fitzgerald, as administratrix of Robert Lee Fitzgerald, deceased, for alleged wrongful death of the decedent.

Fitzgerald, H. L. Linville, Thelma McKinley and Hazel Shepherd, of the village of Spring Hill, Kanawha County, visited the city of Charleston together January 29, 1930. They separated at 1418 Crescent Road in Charleston about five P.M., the women taking a bus or interurban car for home while Linville and Fitzgerald, accompanied by a dog, started afoot to Spring Hill. Fitzgerald becoming so intoxicated, en route, that he could not walk, Linville left him and the dog about 7:15 P.M. near the tracks of the railway company in South Charleston and boarded an interurban street car for Spring Hill to secure assistance. Between 7:40 and 7:50 (according to his testimony), defendant, H. J. Davis, yardmaster of the company, discovered Fitzgerald, who had been struck by an engine or car of the company, lying on or near the tracks with his left leg severely "macerated" and his left hand seriously injured. Davis summoned other railway employees (including defendant, Morgan), who, at his direction, had picked Fitzgerald up and were carrying him toward an open air fire, some 200 feet distant, when Linville returned with the McKinley and Shepherd women. Linville joined with the railway employees in carrying Fitzgerald and placing him on cindered ground near the fire. The night was cold and one of the women covered him with her coat and pillowed his head in her lap, awaiting a means of conveyance to the hospital. After directing the removal of Fitzgerald to the fire, Davis notified the South Charleston police station of the accident. He was informed by the mayor that the police car would be sent to remove Fitzgerald as soon as it came in from a trip. Linville, leaving Fitzgerald in charge of the women, started to a nearby phone to call an ambulance. On the way, he met Davis who advised him of the call to the South Charleston police station. Without calling an ambulance, Linville made arrangements by phone with the Dunn Hospital of South Charleston for receiving Fitzgerald and returned to the fire where he was still lying. The police car being delayed, a young man from the neighborhood, at the instance of one or both of the women, called an ambulance, which arrived about

8:30 and immediately conveyed Fitzgerald to the Dunn Hospital, four or five blocks away. His left leg and some of the fingers of his left hand having been amputated, he died of gas gangreen, which developed from the wounds, February 3, 1934. The theory of the action as disclosed by the declaration, the argument of counsel and the ruling of the trial court in refusing to set aside the verdict and entering judgment thereon, is that the railway company and its servants, by taking exclusive care, control and custody of Fitzgerald, after his injury, assumed the duty of exercising reasonable care to secure medical aid for him and that there was unreasonable delay, for which they were responsible, in his removal to the hospital, which may have contributed to his death.

Some of the numerous authorities dealing with the relation between a railway company and an injured trespasser before and after its agents or employees assume exclusive control of his care and custody, follow: *Yazoo & M. V. R. Co.* v. *Leflar*, 168 Miss. 255, 150 So. 220; *Davis* v. *Keller*, 85 Ind. App. 9, 150 N. E. 70; *Gates* v. *Chesapeake & Ohio Ry. Co.*, 185 Ky. 24, 213 S. W. 564; *New Orleans & N. E. R. Co.* v. *Humphreys*, 107 Miss. 396, 65 So. 497; *Riley* v. *Gulf, C. & S. F. Ry. Co.*, (Tex.) 160 S. W. 595; *Slater* v. *Illinois Cent. R. Co.*, (Tenn.) 209 Fed. 480; *Union Pacific Railway Co.* v. *Cappier*, 66 Kan. 649, 72 Pac. 281; *Dycho* v. *Vicksburg, S. & P. R. Co.*, 79 Miss. 361, 30 So. 711; *Griswold* v. *Boston & M. R. R.*, (Mass.) 67 N. E. 354; *Northern Central Ry. Co.* v. *State*, 29 Md. 420, 96 Am. Dec. 545. In each of the foregoing cases holding the railway company liable, it appeared that the railway company had been guilty of gross negligence in caring for the injured trespasser after assuming exclusive control of his care and custody.

Since the record is without substantial evidence, tending to establish the claim that defendants assumed exclusive care, control and custody of Fitzgerald, the basis of suit is untenable. Counsel for plaintiff, in cross-examining the railway employees, emphasized the absence of intention on their part as agents of the company to assume any responsibility whatever, and for that reason, Davis had notified the public au-

thorities. Not only this, but the evidence clearly shows, without contradiction, that Fitzgerald was delivered by the railway servants to the care, control and custody of his friends, H. L. Linville, Thelma McKinley and Hazel Shepherd, who had not only been with him during the day, but had come to the scene of the accident for the express purpose of taking charge of him.

The judgment is, therefore, reversed, the verdict set aside, and a new trial awarded defendants.

*Judgment reversed; verdict set aside; new trial awarded.*