MRS. MABEL POOVEY v. CITY OF HICKORY.

(Filed 4 November, 1936.)

**1. Appeal and Error J a—**

A motion, made in writing before time for answering expires, that certain paragraphs of the complaint be stricken out under C. S., 537, is made as a matter of right, and the court's order granting the motion is reviewable even though the order recites that the motion was allowed in the court's discretion.

**2. Pleadings I a—**

A motion to strike out under C. S., 537, does not challenge the sufficiency of the complaint to state a cause of action, but concedes that sufficient facts are alleged, and presents only the propriety, relevancy, or materiality of the allegations sought to be stricken out.

**3. Municipal Corporations E f: Nuisance B a—A nuisance may be abated in same action in which damages are recovered.**

An action to recover damages to plaintiff's land caused by the deposit of raw sewage thereon from defendant municipality's sewage disposal plant prior to the institution of the action may be joined with suit to enjoin the future maintenance and operation of the plant after the lapse of a reasonable time for the installation of an adequate plant, or for permanent damage for injuries sustained by the municipality's taking of the property under the power of eminent domain.

**4. Same: Pleadings I a—Allegations held material to plaintiff's right to relief prayed for and were improperly stricken from complaint.**

In an action to enjoin the maintenance and operation of defendant municipality's sewage disposal plant after the lapse of a reasonable time for the installation of an adequate plant, allegations that the population of defendant municipality had greatly increased and would continue to increase, and that attendance upon schools and colleges located in the city had greatly increased since the construction of the sewage disposal plant, rendering the plant inadequate, and that the increased value of taxable property within the city rendered the city financially able to build an adequate plant, are relevant and material allegations upon the question of plaintiff's right to the injunctive relief prayed for, and such allegations are improperly stricken out on defendant's motion under C. S., 537.

APPEAL by plaintiff from *Clement, J.,* at May Term, 1936, of CATAWBA. Reversed.

This action was heard on defendant's motion that certain paragraphs be stricken from the complaint on the ground that the allegations contained in said paragraphs are improper, irrelevant, and immaterial, and are collateral matters which could not be evidentiary on the trial of the action, and if allowed to be read in the presence of the jury might be

used to the prejudice of the rights of the defendant. The motion was in writing and was made before the time allowed by statute for answering the complaint had expired. The motion was allowed.

From the order that certain designated paragraphs be stricken from the complaint, in accordance with the motion of the defendant, the plaintiff appealed to the Supreme Court, assigning errors in the order.

*Chas. W. Bagby and C. David Swift for plaintiff.*
*R. H. Shuford for defendant.*

CONNOR, J. It appears from a recital in the order from which the plaintiff has appealed to this Court, that the motion of the defendant was allowed by the court in its discretion. The motion was made in writing before the time allowed by statute for answering the complaint had expired. The motion was not addressed to the discretion of the court, but was made by the defendant as a matter of right. The order allowing the motion is therefore subject to review by this Court on plaintiff's appeal, notwithstanding the recital therein that the motion was allowed by the court in its discretion. C. S., 537. *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794.

The sufficiency of the allegations of a complaint to constitute a cause of action on which the plaintiff is entitled to relief is not presented by a motion made by the defendant that certain designated allegations be stricken from the complaint, on the ground that said allegations are improper, irrelevant, and immaterial. That question can be presented only by a demurrer to the complaint, either in writing or *ore tenus*. C. S., 511 (6). The motion under the provisions of C. S., 537, concedes that there are facts alleged in the complaint which are sufficient to constitute a cause of action. Only the propriety, relevancy, or materiality of the allegations sought to be stricken from the complaint are brought in question by the motion, which ought to be allowed only when the allegations are clearly improper, irrelevant, or immaterial. Ordinarily, the plaintiff has the right to state his cause of action in his complaint, as he sees fit or as he may be advised. The allegations may be admitted or denied by the defendant in his answer.

It is alleged in the complaint in this action that the plaintiff owns a tract or parcel of land situate near the corporate limits of the defendant; that a creek runs by or through plaintiff's land; that for several years, raw sewage has been and is now discharged by the defendant from its sewage disposal plant into this creek; that the waters of this creek, which flow by or through plaintiff's land, are polluted by this raw sewage; and that by reason of the deposit of this raw sewage on or near plaintiff's land, plaintiff has suffered and will continue to suffer injuries

to her property which have resulted and will continue to result in damages to the plaintiff in large sums.

It is further alleged in the complaint that the sewage disposal plant, which is now and which has been maintained by the defendant for several years, is wholly inadequate for the disposal of the raw sewage collected by the defendant within its corporate limits.

Two causes of action are alleged in the complaint.

On her first cause of action, the plaintiff prays judgment that she recover of the defendant damages for the injuries to her property which she has suffered prior to the commencement of this action by reason of the maintenance and operation by the defendant of its inadequate sewage disposal plant, and that the defendant be restrained from further maintaining and operating its sewage disposal plant, after the lapse of a sufficient time for the defendant to make the said plant adequate for the disposal of sewage collected by defendant within its corporate limits, without injury to the land of the plaintiff.

On her second cause of action, the plaintiff prays judgment that she recover of the defendant damages for permanent injuries to her property which have resulted and will result from the taking of said property by the defendant under its right of eminent domain.

On the facts alleged in her complaint the plaintiff is entitled to the relief which she seeks on both the causes of action alleged therein. See *Anderson v. Waynesville,* 203 N. C., 37, 164 S. E., 583. In the opinion in that case it is said that the right to recover damages for injuries done prior to the commencement of the action is not essentially inconsistent with a subsequent injunction. "A nuisance may be abated in the same action in which damages are recovered." Hale on Torts, 466.

In the paragraphs which have been ordered stricken from the complaint it is alleged in substance that since the construction of the sewage disposal plant which the defendant now maintains and operates within its corporate limits, the population of the defendant has greatly increased and will continue to increase; that schools, colleges, and churches are located within the corporate limits of the defendant, and that attendance upon these schools, colleges, and churches has greatly increased since the construction by the defendant of the sewage disposal plant which it now maintains and operates, and that such attendance will continue to increase; that by reason of the increased value of the taxable property, real and personal, situate within its corporate limits, the defendant is now able financially to construct, maintain, and operate an adequate sewage disposal plant, by levying a small tax on its property owners; and that plaintiff's land has been rendered undesirable for residential purposes by the maintenance and operation by the defendant of its present inadequate sewage disposal plant. These allegations, although

made in language which the defendant thinks is somewhat oratorical, are not improper, irrelevant, or immaterial, nor can it be held that as a matter of law the reading of these allegations to the court, at the trial of the action, and in the presence of the jury, will be prejudicial to the rights of the defendant.

In his brief filed in this Court, the learned counsel for the defendant says that "the defendant under other circumstances would freely admit the truth of the fine things said about its growth, development, and advantages." In reply it may be said that there are no circumstances under which the truth can be hurtful to anyone.

There is error in the order. It is
Reversed.