This action was brought to recover damages for personal injuries sustained by plaintiff in a crossing collision in the city of Rocky Mount between an automobile operated by him and a train operated by defendant.
The defendant, before filing answer or demurrer or obtaining an extension of time to plead, moved to strike certain paragraphs of the complaint *Page 295 
as being "irrelevant, redundant and impertinent," specifically relying on C. S., 537.
The matter objectionable to the defendant was as follows:
(1) In support of his allegation of negligence in the maintenance and care of the crossing the plaintiff alleged (a) that there were three sets of tracks at this crossing, (b) that the crossing was "maintained with rough boards, large cinders or burnt coal, clinkers and dirt, and the railroad bed, beyond the end of the said boards . . . constructed and maintained of large cinders or burnt coal clinkers and coarse gravel and dirt and projecting railroad cross-ties," (c) that the view of the tracks was obstructed by a three-foot dirt bank, on which were a wire fence, several buildings, warehouses, etc., and a spur track occupied by twelve or fifteen freight cars, all of which made this a blind crossing, and (d) that the freight cars on the spur track were moved the day following the accident, this removal showing knowledge and an admission by the defendant of its negligence in thus obstructing the view at the crossing.
(2) In support of his allegation of negligence in the operation of the train involved in the collision, the plaintiff alleged (a) that certain of the employees who were operating the train were discharged, suspended, or reduced in rank following the accident, and (b) that the defendant permitted plaintiff to lie on its roadbed, unconscious, for nearly an hour, "although it had a locomotive and train upon which plaintiff could have been removed to a hospital maintained by defendant in the City of Rocky Mount."
The court struck the allegation as to the three sets of tracks, but denied the motion as to the remainder of the matter objected to.
From the order denying its motion to strike the above described paragraphs, the defendant excepted and appealed.
The plaintiff contends that it would be improper for the court to consider the relevancy of his allegations on the defendant's motion to strike, but that this can and should be postponed until plaintiff introduces evidence and defendant objects thereto. This position questions the propriety of the Court's considering the merits of defendant's appeal, which is to challenge the timeliness and propriety of the appeal itself. Certainly, if the appeal is not premature or unavailable, it must be decided here on its merits.
At the threshold of investigation we are met by C. S., 638, which sets forth the orders and judgments from which an appeal will lie: "An appeal may be taken from every judicial order or determination of a *Page 296 
judge of a superior court, upon or involving a matter of law or legal inference, whether made in or out of term, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." Obviously, the only apparent basis on which the defendant could appeal here, if it can appeal at all, is that the order denying its motion to strike "affects a substantial right" which it claims in the action. Ordinarily, it is only under such circumstances that an appeal will lie from an order other than a final judgment. Martin v. Flippin, 101 N.C. 452, 8 S.E. 345; Skinner v.Carter, 108 N.C. 106, 12 S.E. 908; Warren v. Stancill, 117 N.C. 112,23 S.E. 216; Graded School Trustees v. Hinton, 156 N.C. 586,71 S.E. 1087.
But whether a substantial right of the appellant has been affected by the order in this case — whether he has been prejudiced sufficiently to warrant this Court in considering the merits of his appeal, Pemberton v.Greensboro, 205 N.C. 599, 172 S.E. 196 — need not be considered now; for it has been held that when the motion on which the order is based is made as a matter of right and is not addressed to the court's discretion, upon its denial the movant may appeal immediately to the Supreme Court and have his motion decided there on its merits. Hosiery Millv. Hosiery Mills, 198 N.C. 596, 152 S.E. 794; Poovey v. Hickory,210 N.C. 630, 188 S.E. 78. It may be that the rationale of this rule is that a substantial right is affected by the denial of a motion addressed to the right of the question rather than to the court's discretion. However this may be, the right to appeal immediately in such case seems to be firmly established. Ellis v. Ellis, 198 N.C. 767, 153 S.E. 449; Bank v.Stewart, 208 N.C. 139, 179 S.E. 463; Scott v. Bryan, 210 N.C. 478,187 S.E. 756 (case decided on its merits); Trust Co. v. Dunlop,214 N.C. 196, 198 S.E. 645; Duke v. Children's Com., 214 N.C. 570,199 S.E. 918; Herndon v. Massey, 217 N.C. 610, 8 S.E.2d 914.
The defendant's motion to strike in the instant case was specifically based on C. S., 537, which provides that "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted . . ." A motion made under this statute and within its time limits is not addressed to the discretion of the court, but, as the statute indicates, is made as a matter of right. Hosiery Mill v. Hosiery Mills, supra; Bank v. Atmore,200 N.C. 437, 157 S.E. 129; Poovey v. Hickory, supra; Patterson v. R. R.,214 N.C. 38, 198 S.E. 364; Herndon v. Massey, supra. If the motion is made after answer or demurrer, or after an extension of time to plead is granted, then it becomes a matter of the *Page 297 
court's discretion, and appeal can only be had from the final judgment and upon exception duly taken. Best v. Clyde, 86 N.C. 4; Hosiery Mill v.Hosiery Mills, supra; Insurance Co. v. Smathers, 211 N.C. 373,190 S.E. 484; Fayetteville v. Spur Distributing Co., 216 N.C. 596,5 S.E.2d 838. The defendant's motion, however, having been made in due time, according to the statute, was made as a matter of right, is therefore immediately appealable, and may and should be decided on its merits here. If any irrelevant or redundant matter appears in the allegations objected to, it should be stricken.
The relevancy of an allegation, like the relevancy of evidence, depends upon the purpose which the particular legal instrument is intended to fulfill. The purpose of an allegation in a complaint, broadly speaking, is to state a fact which, when considered with other facts, will constitute a cause of action. The purpose of evidence is to prove competent allegations. The relevancy of either depends upon its tendency to fulfill its purpose. The rules concerning the relevancy of evidence, although helpful in analogy, have no bearing on the relevancy of the allegations, for, strictly speaking, it is by the competent allegations that the relevancy of the evidence is to be judged — whether the evidence tends to prove facts properly alleged as a cause of action in the complaint. This makes the relevancy of the allegations the subject of independent inquiry, divorced, except by analogy, from the rules concerning the relevancy of evidence.
Looking at its purpose, an allegation is relevant which tends, as an element thereof, to express the cause of action on which relief is sought. (This seems to be the gist or common meeting ground of the numerous tests laid down by this Court.) Hosiery Mill v. Hosiery Mills, supra; Ellis v.Ellis, supra; Revis v. Asheville, 207 N.C. 237, 176 S.E. 738; Bank v.Stewart, supra. (Some decisions merely use the analogy to rules of evidence, and determine relevancy by the competency of showing the matter in evidence.) Pemberton v. Greensboro, 203 N.C. 514, 166 S.E. 396;Patterson v. R. R., supra; Trust Co. v. Dunlop, supra; Duke v. Children'sCom., supra. Thus, in the instant case, even though the questioned allegations standing alone would be insufficient to set up negligence, or are not coupled with other allegations which would make up a cause of action, if they do amount to an element of the cause of action, they would be relevant, and should not be stricken — at least for irrelevancy. In applying such a test it is, of course, necessary to consider what elements go to make up a cause of action, but the inquiry is not one of the sufficiency of the complaint as a whole to state a cause of action. Pooveyv. Hickory, supra. This question can only be raised by demurrer. C. S., 511 (6). The motion to strike does not raise it, and, as a practical matter, such a motion would not be made if there were no statement of a cause of action. Nevertheless, if the particular allegation *Page 298 
of negligence, as appearing upon the face of the pleading, cannot have any proximate relation to the injury complained of, it should be stricken as irrelevant.
Redundancy in pleading does not present quite the theoretical and technical problems posed by the subject of relevancy. It would seem to include anything which is unnecessary to "a plain and concise statement of the facts constituting a cause of action," C. S., 506 (2), such as unnecessary repetition, and the detailed statement of evidential matters, however relevant the latter may be when presented upon the trial. McIntosh, North Carolina Practice and Procedure, §§ 350, 371. (McIntosh considers evidential matters in a complaint as irrelevant. It would seem more accurate to class them as redundant, but this is probably only of academic interest.)
In applying these tests to the paragraphs of plaintiff's complaint objected to by the defendant, it must be remembered that although the objectionable paragraphs appear as subdivisions of two main paragraphs, one alleging negligence in the maintenance of the crossing, and the other alleging negligence in the operation of the train, still these main paragraphs are merely parts of the whole complaint, setting up injury to the plaintiff caused by defendant's negligence in the conduct of its railroad. This is the main issue, and the relevancy of the subdivisions must be considered from this standpoint — whether they have any relation to the injury of which the plaintiff complains.
(1) (b) Although, as pointed out by defendant in its brief, the condition of the crossing played no part in the accident as it is set out in the complaint, still it cannot be said that this allegation has no relevancy to the plaintiff's claim to recovery. A railroad must maintain public crossings in a safe condition for the use of the traveling public. Raper v.R. R., 126 N.C. 563, 36 S.E. 115; Pusey v. R. R., 181 N.C. 137,106 S.E. 452; Moore v. R. R., 201 N.C. 26, 158 S.E. 556; Cashatt v.Brown, 211 N.C. 367, 371, 190 S.E. 480. The manner of construction may very easily be negligent, and, although the allegation in the present complaint, standing alone, would not be sufficient to support an action for negligence in the maintenance and condition of the crossing, still it can and must be considered as a pertinent part of a complaint which would support such a cause of action, and as such is relevant. There is no sign of unnecessary repetition here, nor is it possible to say that the allegation is purely evidential, and thus redundant. The motion to strike this subparagraph was properly overruled.
(c) The allegations as to obstructions of the view were properly allowed to remain in the complaint. It is necessary, in stating a cause of action, to set forth the duty which the defendant owed the plaintiff, as well as the manner in which the violation of that duty proximately *Page 299 
contributed to the plaintiff's injury. McIntosh, op. cit., supra, § 359. Here, the obstructions which made this a blind crossing are a vital element of one of defendant's duties to plaintiff. Obstructions in themselves have never been considered negligent, Edwards v. R. R.,129 N.C. 78, 39 S.E. 730; Childress v. Lake Erie, etc., R. R.,182 Ind. 251, 105 N.E. 467; Ham v. Maine Cent. Ry., 121 Me. 171,116 A. 261; but if they exist, and the railroad is aware of them, it is then incumbent on the railroad to take proper precautions to protect travelers who use the crossing and to warn them of the approach of trains. Johnsonv. R. R., 163 N.C. 431, 79 S.E. 690; Jackson v. R. R., 181 N.C. 153,106 S.E. 496; Costin v. Power Co., 181 N.C. 196, 106 S.E. 568; Johnsonv. R. R., 205 N.C. 127, 170 S.E. 120; Meacham v. R. R., 213 N.C. 609,197 S.E. 189; Coltrain v. R. R., 216 N.C. 263, 4 S.E.2d 853; Shearman Redfield on Negligence (Rev. Ed.), Vol. 3, § 453; 52 C. J., 194, sec. 1784. This duty arises from the existence of obstructions to the view, and the failure to discharge it, resulting in injury to the plaintiff, may be a basis of plaintiff's claim to recovery. At any rate, we cannot say that the allegation of the blindness of the crossing, although not coupled in this particular paragraph with any of the other elements which are necessary to give such an allegation force, is irrelevant to the plaintiff's cause of action, or has no relation to his injury. It is very pertinent to the establishment of a duty which defendant owes to plaintiff.
The plaintiff is apparently aware of this, for in paragraph six of the complaint he alleges a failure to warn users of this blind crossing, of the approach of trains, thus giving the bare allegation of obstructions araison d'etre, and therein again sets forth the existence of these obstructions. Although this is repetitive, it is not of a sufficiently serious nature to be characterized as unnecessary repetition, or redundancy, entitling defendant to have the questioned paragraph stricken for that reason.
(d) The allegation that some of the obstructions of the view at the crossing — namely, the defendant's freight cars — were moved by the defendant after the accident, can have no relevancy, as we have analyzed the term, to plaintiff's cause of action. It does not set forth any element thereof, nor does the removal have any proximate relation to plaintiff's injury. In personal injury suits of this kind, occurrencesafter the accident which do not go to the enhancement or aggravation of plaintiff's injuries are clearly of no importance in setting forth the details of defendant's negligence by which plaintiff was injured. This paragraph should have been stricken as irrelevant. It is at best the pleading of evidence, and should therefore also be stricken as redundant. It might be wise to point out that in this State, as in most states, for motives of public policy, evidence of this character is not admissible to show either *Page 300 
negligence or an admission of negligence. Lowe v. Elliott, 109 N.C. 581,14 S.E. 51; Shelton v. R. R., 193 N.C. 670, 139 S.E. 232; AlabamaGreat So. Ry. v. Ensley Transfer Supply, 211 Ala. 298, 100 So. 342; Wigmore, Evidence (3d Ed.), Vol. 2, § 283; 45 C. J., 1232. Certainly, therefore, an allegation in this vein would not be proper.
(2) (a) Precisely those considerations which are determinative of the relevancy of the allegation just considered apply with equal force to the allegation that defendant, after the accident, disciplined certain of the employees who were operating its train. Although the defendant may have been negligent in a multitude of ways in the conduct of its railroad, it is hard to see how disciplining its employees after plaintiff had been injured could have been one of them. The allegation is clearly irrelevant. It also is at best the pleading of evidence and is therefore subject to striking for redundancy. Furthermore, evidence to this effect is inadmissible to show either that the employee was negligent, or that the employer thereby admitted the employee's negligence. Southern Ry. v. Smith, 223 Ala. 583,137 So. 398; Engel v. United Traction Co., 203 N.Y. 321, 96 N.E. 731;N. Y. Polyclinic Med. School v. Mason-Seaman Transp. Co., 155 N.Y. S., 200. Defendant's motion to strike this paragraph should have been allowed.
(b) Although the allegation that defendant did not do all it could have to mitigate plaintiff's injuries does not have any direct bearing on the question to which it is subordinate — negligence of defendant in the operation of its train — still it is of importance on the question of damages if defendant is proven to have been negligent. Although there is no duty to aid others imperiled without the defendant's fault, but through his conduct, Adams v. R. R., 125 N.C. 565, 34 S.E. 642; Carey v. Davis,190 Iowa 720, 180 N.W. 889, 12 A.L.R., 904; Union Pac. Ry. v. Cappier,66 Kan. 649, 72 P. 281; Fitzgerald v. C. O. Ry., 116 W. Va. 239,180 S.E. 766; 69 L.R.A., 513; Harper on Torts, § 80; yet if plaintiff is hurt through defendant's fault, defendant must take all steps necessary to mitigate the hurt, Whitesides v. R. R., 128 N.C. 229, 38 S.E. 878; No.Cent. Ry. v. State, 29 Md. 420; Harper, loc. cit., supra; Restatement of the Law, Torts, sec. 322; 45 C. J., 842, sec. 257. Since, if it is shown that plaintiff was injured by defendant's negligence, it will be of importance to determine if it discharged this duty, it cannot be said that this allegation is irrelevant or redundant. It was properly allowed to remain by the court below.
The order of the court below will be modified in accordance with this opinion, and as so modified, affirmed.
Modified and affirmed. *Page 301