JACKIE RAY MOSS, by her Next Friend, ERNEST MOSS, JR., v. SOUTHERN RAILWAY COMPANY, a Corporation, and J. A. BEAL.

(Filed 2 February, 1968.)

1. **Railroads § 5;   Master and Servant § 32—**

   Where the jury finds that the engineer on defendant's train was not guilty of negligence in failing to keep a proper lookout at a crossing in respect to the approach of the minor plaintiff on a bicycle, such finding does not exonerate the railroad company sought to be held liable under the doctrine of *respondeat superior* where plaintiff pleads and proves that other employees of the defendant were negligent in failing to warn the engineer of the approaching child.

2. **Railroads § 5—**

   Evidence that brushes and weeds permitted to grow near the crossing partially obstructed plaintiff cyclist's view of an oncoming train imposes a duty of increased vigilance on behalf of the railroad's employees in approaching the crossing.

   PLESS, J., dissents.

APPEAL by plaintiff from *Braswell, J.,* May 29, 1967 Civil Session, WAKE Superior Court.

The plaintiff, Jackie Ray Moss, by her next friend, instituted this civil action against the Southern Railway Company and its Engineer, J. A. Beal, to recover damages for the personal injuries she sustained when she was hit by a Southern Railway train at a grade crossing in the Town of Garner. According to the allegations of the complaint and the evidence, the accident occurred at 9:15 on the morning of July 28, 1961 as the plaintiff, age 13, riding her bicycle south on Saint Mary's Street, attempted to cross the defendant's track and was hit by the defendant's eastbound train, consisting of a diesel engine, ten freight cars and a caboose. Saint Mary's Street is a main north-south thoroughfare which crosses the defendant's east-west track approximately at a right angle.

As against the Southern Railway Company the complaint, among other allegations of negligence, contained the following:

> "Defendant Southern Railway Company permitted, and failed to cut, a growth of weeds and bushes upon its right of way and along its tracks in such a manner as to obstruct the view of this minor plaintiff when approaching the crossing and to hinder and prevent her from seeing the approaching train; . . .
>
> \*        \*        \*
>
> Defendant Southern Railway Company, by and through its employees, failed to maintain a reasonable and proper and lawful lookout so as to ascertain this minor plaintiff's position upon entering and crossing the tracks; . . ."

The plaintiff testified:

> ". . . When I came to the crossing I stopped and I looked to see if I saw a train, and I listened but I didn't hear or see one. I then went on across. I did not get across. I don't remember anything else until I woke up in the hospital.
>
> \*        \*        \*
>
> As I went down St. Mary's Street toward this train crossing on my right-hand side it was trees and it was a house with a little house with a lot of trees around it, and there was bushes and tall trees and weeds. These weeds and bushes with relation to the train track itself were next to the railroad track. As to the height of these weeds and bushes, they were over my head. I couldn't see. I mean I couldn't see over the bushes or trees."

The plaintiff offered medical and other evidence of her critical and permanent injuries. She remained in the hospital for 46 days, submitting to a number of serious surgical operations, one for the removal of her spleen. She missed half a year from school, has limited physical handicaps and a number of disfiguring scars.

The evidence disclosed that the defendant Beal, the Engineer, was at his station on the right side of the engine. He could not and did not see the plaintiff approaching the crossing from the north. However, A. V. Denkins, General Foreman of Engineers, happened to be riding with E. G. Wrenn, Fireman, both on the left side of the engine. They were in a position to see and did see the plaintiff at the crossing. Denkins testified:

> ". . . As we got about fifteen car lengths to the crossing I saw this small child, a girl, riding a bicycle coming from north to east, traveling from northeast. From the north side of the track

to the east side of the track, she was going to the south — southside, correction. She was then about five to six automobile car lengths from the track. She was moving. I told the engineer to cut down on the whistle there was a little girl riding a bicycle."

On cross-examination, the witness said:

"When I first saw the child I was approximately 1400 feet west of the crossing. . . ."

Both Denkins and Wrenn saw the child approach and saw her actions and efforts to apply the brakes to her bicycle. ". . . She was in a motion of trying to stop." Her movements were apparently visible while the engine was hundreds of feet away from the crossing. Mr. Wrenn, the Fireman, did not give Engineer Beal any warning. The only warning apparently given by Denkins, according to his story, was to "cut down on the whistle there was a little girl riding a bicycle."

Beal testified:

"Well, as I came to the crossing I was continuously blowing the whistle and watching Denkins and about the time we got to the crossing he grunted and said something and raised up and when he did I put the brakes in emergency and raised up for I didn't know what we were going to strike."

According to Beal's testimony, he did not have any notice of any need for brakes until he was practically at the crossing.

The judgment, here quoted, was entered after the jury had answered the issues as set out therein.

"1. Was plaintiff injured and damaged by the negligence of the defendant Southern Railway Company, as alleged in the complaint?
Answer: Yes.

2. Was plaintiff injured and damaged by the negligence of the defendant J. A. Beal, as alleged in the complaint?
Answer: No.

3. Did plaintiff, by her own negligence, contribute to her injury as alleged in the answer?
Answer: No.

4. What amount, if any, is plaintiff entitled to recover?
Answer: $50,000.00.

It is therefore ORDERED, ADJUDGED AND DECREED that the plaintiff recover nothing of the defendants, or either of them, and that the costs be taxed against the plaintiff. . . ."

From the judgment dismissing the action against both defendants and taxing the plaintiff with the costs, she appealed.

*Dupree, Weaver, Horton, Cockman & Alvis by Jerry S. Alvis for plaintiff appellant.*

*William T. Joyner; Smith, Leach, Anderson & Dorsett by John H. Anderson for defendant appellees.*

HIGGINS, J. The Court denied the plaintiff's motion for judgment against the Southern Railway Company notwithstanding the jury's answer to Issues 1, 3 and 4. Apparently the Court denied the motion because of the jury's answer to Issue 2 finding Engineer Beal was not negligent. It must be conceded that unless the plaintiff has alleged and has offered evidence that some agent of the railroad other than Beal was guilty of negligence, which was a proximate cause of the plaintiff's injuries, the Court was correct in denying the motion for judgment against the railroad. However, it is equally true that when the acts of more than one agent are involved, the negligent act of any agent alleged and proved to have been a proximate cause of the injuries will suffice to charge the principal with liability.

This Court is committed to this legal principle:

"When the servant is the actor, the employer cannot be called upon to respond in damages for his actions which are not wrongfully or negligently committed. *Morrow v. R. R.*, 213 N.C. 127, 195 S.E. 383. When the master must be held, if at all, under the doctrine of *respondeat superior*, a verdict and judgment against the plaintiff on the issue of negligence is an action against the servant bars a later action by the same plaintiff against the master." *May v. R. R.*, 259 N.C. 43, 129 S.E. 2d 624.

In *May*, the plaintiff sought to hold the railroad, because the members of its train crew, at night, pushed an unlighted freight car across the street immediately in front of intestate's moving automobile. When the freight car blocked the crossing her speed was such as made it impossible for her to stop and her vehicle crashed into the side of the unlighted freight car. Her death resulted from the collision. Her personal representative brought suit against the railroad company and all members of its train crew. The Court, at the conclusion of the evidence, ordered nonsuit against defendants Stanly

and Kingsbury. The jury found the other members of the crew were not guilty of negligence. The jury found the railroad guilty of negligence. The case was complicated by a finding the intestate was guilty of contributory negligence. However, all agents of the railroad charged with the responsibility of giving warning of the train's movement over the crossing, having been found free of negligence, and no facts were alleged upon which the railroad could be held independently responsible, nonsuit of the action against the railroad was required.

The plaintiff in this case alleged and testified that bushes and weeds were permitted to grow near the track which partially obstructed her view of the approaching train. This situation increased the need for vigilence in approaching the crossing. *Parrish v. R. R.,* 221 N.C. 292, 20 S.E. 2d 299. As the train approached from the west, at 50 miles per hour, Engineer Beal was on the right (south) side of the engine. The plaintiff approached the crossing from the north. Fireman Wrenn and Denkins, defendant's General Foreman of Engineers, were on the left of the engine. According to his evidence, Denkins saw the plaintiff "a small child, a girl, on a bicycle" approaching from the north at a time when the train was 1400 feet from the crossing. All he did was tell the Engineer to cut down on his whistle. The plaintiff alleged the Southern Railway Company was negligent "by and through its employees" for failure to maintain a reasonable and proper and lawful lookout so as to ascertain the minor plaintiff's approach and to give due and adequate warning and take proper precautions for the child's safety. Wrenn saw the child "in the motion of trying to stop." Instead of calling on the Engineer to apply the emergency brakes, he actually said nothing but relied on the notice given by Denkins "to cut down on the whistle."

The finding of negligence against the railroad may well have been based on the failure of an agent other than Beal to exercise due care which the little girl's safety required. The only fact the verdict established as against the plaintiff was that Engineer Beal was not guilty of negligence. The verdict exonerated only Beal. This is understandable. The first time he ever saw the little girl was at the trial of this action in the Superior Court. He was at his position on the engine which did not permit him to see her approach from his left. The other members of the train crew gave him inadequate warning.

The Court committed error in holding the answer to the second issue (exonerating Beal) also exonerated the Southern Railway Company. The cause is remanded to the Superior Court for the entry of a judgment in favor of the plaintiff for the amount of damages fixed

by the jury. From the judgment, the defendant railroad will have the right to note its appeal and have the trial reviewed by the Court of Appeals. The judgment dismissing the action as to the railroad company is set aside and the cause is remanded for judgment in accordance with the verdict.

Reversed and remanded.

PLESS, J., dissents.